PRESTON GARNER v. I. E. SCHILLING COMPANY.

174 So. 837.

Opinion Filed June 2, 1937.

*Edward L. Semple,* for Plaintiff in Error;

*McKay, Dixon & DeJarnette,* for Defendant in Error.

ELLIS, C. J.—Preston Garner, a minor, suing by his father

and next friend, John Garner, recovered a judgment in the Circuit Court of the Eleventh Judicial Circuit for Dade County on the 14th day of September, 1927, against I. E. Schilling Company, a Florida corporation, in the sum of $2,250 and costs.

It appears from the record in this case that the next friend, or *prochein ami,* of Preston Garner engaged an attorney at law to conduct the litigation in behalf of the minor.

In September, 1933, Preston Garner, having attained his majority, applied for, by his attorney, and obtained a writ of *scire facias* to review the judgment, which, as it was said, had become dormant.

The writ was issued on the 21st of September, 1933, directed to the I. E. Schilling Company, which was commanded to appear before the Circuit Court to show why the said Preston Garner ought not to have his execution against it on the said judgment.

Neither the application nor the writ itself alleged that the judgment had not been paid.

A demurrer to the writ was interposed by the judgment debtor. No order seems to have been made upon that demurrer, and on the 11th of January, 1934, by stipulation of the parties, it was agreed that the writ should be amended by inserting the words "and the said judgment remains unpaid." It was further stipulated that the demurrer be withdrawn and defendant be permitted to interpose his plea to the writ.

The plea averred that on September 25, 1927, the defendant paid the judgment which Preston Garner, the minor, had obtained against the defendant, and that at the time of payment there was entered a satisfaction of the said judgment by the attorney of record for the plaintiff, and that

such satisfaction of the judgment was recorded in the office of the Clerk of the Circuit Court of Dade County, Florida. A certified copy of the satisfaction was attached to the plea and made a part of it and recites; that in September, 1927, Preston Garner, a minor, suing by his father and next friend, recovered a judgment for the amount stated against the I. E. Schilling Company, and that since said date, the defendant has satisfied the said judgment in full by payment; wherefore Dan Chappell, as attorney of record for the plaintiff, did by said instrument acknowledge payment in full of the judgment and consented that the same be satisfied of record. That written acknowledgment of payment and satisfaction of the judgment was signed by Dan Chappell, described as Attorney of Record for the plaintiff, and was witnessed by two witnesses, and the execution of it acknowledged by Dan Chappell before a notary public.

The plaintiff, Preston Garner, interposed his demurrer to the plea, and followed the same on the same date by motion to strike it. The grounds upon which the demurrer was based and upon which the motion to strike rested are identical and are: first, that the defense of payment to the attorney of record for a minor of a judgment obtained by him, and the attorney's satisfaction of the judgment does not constitute a proper payment and satisfaction of the judgment; and second, that a minor who recovers a judgment against a person when suing by next friend is not bound by payment of the judgment to the attorney of record and satisfaction thereof by such attorney.

The Judge of the Court, by an order entered on the same day, overruled the demurrer, and in the order overruling the demurer stated that: "the writ itself, fails to allege that the proceeds of the judgment were not paid to him (plain-

tiff) or expended for his (plaintiff's) use and benefit during his minority or thereafter."

The plaintiff declining to amend the writ, the court by an order quashed, vacated and set the writ aside.

A writ of error was taken to that judgment by Preston Garner.

The question presented to this Court is whether an attorney of record for a minor plaintiff, who sues by his next friend or *prochein ami* and obtains a money judgment against a third person, may, in his capacity of attorney employed by the *prochein ami,* appointed for the minor to conduct the latter's cause, receive payment of the money judgment and enter satisfaction thereof of record.

Our investigation of the question leads us to the conclusion that such question should be answered in the affirmative. While it is true that the courts, with commendable solicitude for the interests of minors whose business at times may require them to seek adjudication of their rights in the established courts of the country, will require that an adult person of reasonable judgment and integrity should conduct the litigation for the minor, as the latter's guardian *ad litem, prochein ami* or next friend, and in many phases of the litigation will require that the *prochein ami* obtain an order from the court approving certain proposed compromises or waiver of the minor's rights, but the general rule is that the court recognizes the right of the *prochein ami* to select and employ an attorney at law to conduct the litigation in behalf of the minor, because it is not to be presumed that the *prochein ami,* while representing in his name the minor who is the real party in the controversy, is himself an attorney at law and qualified as an officer of the court to conduct the litigation in the interest of the minor.

Therefore it follows that the attorney so engaged by the *prochein ami* is in fact the attorney of record for the real

party in interest, who is the minor, and as such attorney of record is empowered as an officer of the court, in the interests of his client, to exercise all the powers and duties of an attorney of record in any litigation except possibly the matter of compromise and settlement and waiver of the rights of his client which must be done, if at all, by order of court first obtained. It is the general rule that a guardian *ad litem* or next friend has no authority to enter into a compromise or settlement. *A fortiori* he cannot compound or compromise a judgment in favor of the infant; although it has been held that a compromise of the suit by the next friend without order of the court not prejudicial to the infant is not void. 31 C. J. 1140, Sec. 297, 1142 Sec. 302.

In the conduct of the suit the attorney of record who is employed by the next friend of the minor would be bound by the same rules and limitations of power as the *prochein ami* or next friend. That is to say, in the matter of waiving rights of the minor or making a compromise and settlement of the claim an order of the court would be necessary to authorize it, but the fact remains that while the attorney is employed by the next friend of the minor he is also a sworn officer of the court and as such is the official representative of the minor and has the same power to receive money upon the judgment obtained or the full payment of it in satisfaction and discharge of the same. It is the general rule observed in all jurisdictions that "payment made to the attorney of record who procured the judgment, before his authority is revoked, or before due notice of such revocation is given to the judgment defendant; is binding on the judgment plaintiff." 21 R. C. L. 19, Sec. 13.

While there is no statute in this State that expressly empowers an attorney of record who procures a judgment for the party in litigation, whom he represents, to accept payment and give discharge of the judgment, the rule, as recog-

nized by text writers and authorities generally upon the subject of payment and discharge of judgments, is as stated above. 2nd Black, 2 Ed. on Judgments, Sec. 986; Clark v. Randall, 9 Wis. 135, 76 Am. Dec. 252, text 260.

In the case of State, *ex rel.* Lane, v. Ballinger, 41 Wash. 23, 82 Pac. Rep. 1018, it was said that "the attorney is an officer of the court, and his appointment is not made as an attorney for the guardian *ad litem,* but as an attorney for the minor, and there is reason in the thought that the same powers which he would obtain by reason of his employment as an attorney in other cases would attach to his employment as an attorney for a minor." Text 28.

It was also noted in that able opinion that the authorities cited in behalf of the infant who had become of age and sought the payment again of the judgment upon the ground that it had not been satisfied by payment to him or his general guardian had relation to the power of a guardian *ad litem* or *prochein ami* rather than to the power of an attorney; some courts holding that a guardian *ad litem* has no power to satisfy the judgment in favor of the infant, while some courts hold exactly the reverse.

The distinction lies necessarily in the nature of the agency of a next friend or *prochein ami,* who is required under such agency to do the things that are necessary and proper to be done in the conduct of the litigation in behalf of the minor, while the agency of the attorney of record employed to conduct the litigation is that of a general agent of the real party in interest, the minor, and as an officer of the court to whom the State has extended the privilege of representing litigants in lawsuits, is the general agent of the party whom he represents and as such acts in his place under tacit, if not express, authorization of the court to exercise all powers which an attorney of record has in litigation generally.

It does not appear from the record in this case that there was a general guardian of the minor plaintiff during the litigation in which he recovered a judgment, nor when the same was paid by the defendant, nor does it appear from the record that his next friend was under bond as guardian *ad litem*. The attorney of record, however, employed by the next friend, was an officer of the court and subject to all the duties and obligations as such officer in the conduct and settlement of litigation. As such, for any dereliction of duty in that regard, from the mismanaging of the cause to the payment of money collected on a judgment that might be obtained, he is bound by his obligations as attorney to the State and to the court to faithfully and conscientiously discharge those duties and may be required by the Court upon proper application to answer for his failure to do so.

The next friend or *prochein ami* is not in the strict sense a party to the suit, but he is considered an officer of the court, especially appearing to look after the interests of the minor whom he represents. One of his duties is to employ attorneys for the conduct of the suit who, when such employment is made, the attorney becomes the general agent of the minor and responsible to him for the faithful discharge of his duties required of him as an officer of the court under oath.

In some jurisdictions and by some authorities, it is generally held that the *prochein ami* or next friend in the absence of a general guardian may receive the money recovered of the defendant, give a sufficient acknowledgment therefor, and enter satisfaction on the roll.

In the case of Baltimore and Ohio R. R. Co. v. Fitzpatrick, 36 Md. 619, Mr. Justice ALVEY, who prepared the opinion for the court, discusses fully the proposition involved in that case and after an examination of the authorities, both English and American, concludes that not only

the attorney of record employed by the *prochein ami* has power and authority as an officer of the court and general agent of the minor to receive payment of the judgment obtained and to enter satisfaction thereof, but that the *prochein ami*, in the asbence of a general guardian, has power also to do the same. But the latter point is not involved in this case, which turns exclusively upon the question of whether the attorney of record, in the absence of a showing that there was a general guardian for the infant, had power and authority to receive payment of the judgment in full and acknowledge satisfaction thereof as the general agent of the minor.

Upon the authorities which we have cited in this opinion and such other investigations as we have made we are of the opinion that in the circumstances presented in this case the payment of the money to the attorney of record in satisfaction of the judgment was a valid payment under the law authorized to be paid, which was binding upon the minor.

While Section 5746 C. G. L. 1927 is designed to direct the manner and method of the cancellation of record of a judgment paid it nevertheless impliedly recognizes the general authority of the attorney of record to receive payment of the judgment and to enter cancellation of the same. No point in this case is made, however, that the satisfaction of the judgment has not been properly made of record in the manner prescribed by the above section of the statute.

It seems to us that, stripped of all collateral points, the sole question which was presented to the Judge of the Circuit Court is whether the payment of the judgment to the attorney of record for the minor was paid to one authorized to receive the same in discharge of the judgment in behalf of the person principally entitled to receive the same.

We think that the Judge correctly answered that question

in the affirmative and it is our conclusion, therefore that the judgment in this case was correct and the same is hereby affirmed.

So ordered.

TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.