HOBSON, Justice.
This appeal is taken from a final judgment dismissing an amended bill for declaratory decree. The bill named several defendants and was dismissed as to all of them. On May 25, 1954, this court entered an order granting a motion to dismiss the instant appeal as to all defendants except General Motors Corporation, which is accordingly the only appellee herein.
The amended bill alleged that in August of 1947, plaintiff-appellant, then a minor, was injured in an automobile accident while a passenger in an automobile belonging to General Motors Corporation. The insurance carrier for General Motors agreed to settle with appellant, and a “friendly suit” was brought by the minor through her stepfather, as next friend. In this litigation, the plaintiff was represented by a lawyer who had been selected by counsel for the insurance carrier, and the former agreed to perform this service for a fee of $75. This fee was over and above the amount of the settlement figure agreed upon, which was $4,900. The cause came on for trial, and by consent of all attorneys and the approval of the court a jury verdict was rendered for plaintiff in the sum of $4,900.
The check given by the insurance carrier was payable to the plaintiff’s stepfather, as the plaintiff’s next friend, and the plaintiff’s attorney. It was in the amount of $4,982.-50, which included the amount of the judgment plus costs and the $75 fee for plaintiff’s attorney. The check was delivered to plaintiff’s attorney, who cashed it, gave $4,900 to the plaintiff’s next friend and *876 retained the balance for his fee and costs. Satisfaction was duly executed by plaintiff’s next friend and attorney, and recorded by the latter.
Plaintiff alleged that she never received any of the judgment proceeds personally, either before or after coming of age. In her original bill, plaintiff prayed for a declaration of her rights. The amended bill demanded that a writ of scire facias be issued, reviving the judgment. Plaintiff’s stepfather was never made a party to the present suit.
The only question is whether General Motors Corporation, having once paid a judgment, should be compelled to pay it again under the circumstances here alleged.
We cannot accept the contention of appellant that the case of Garner v. I. E. Schilling Co., 128 Fla. 353, 174 So. 837, 840, 111 A.L.R. 682, is not controlling in this situation. It was there squarely held after exhaustive consideration that an attorney of record for a minor plaintiff suing by his next friend and obtaining a money judgment may, in his capacity as attorney, receive payment of such judgment and enter satisfaction thereof of record. The rationale of the case is that the attorney becomes the general agent of the infant and responsible to him for the faithful discharge of duties required of an officer of the court, under oath. There is not the slightest suggestion here that plaintiff’s attorney did not discharge his duties faithfully up to the time he paid the judgment money over to the plaintiff’s next friend. And in the Schilling case, supra, we said “it is generally held that the prochein ami or next friend in the absence of a general guardian may receive the money recovered of the defendant * * Under this rule, no dereliction can be ascribed to the plaintiff’s attorney, unless it be that he did not supervise the subsequent application of the funds by the next friend, which is a duty that could hardly be expected or required of him.
The only defalcations which could have occurred under the allegations of the amended bill were those of the plaintiff’s stepfather, who, as aforesaid, has never been a party to this suit. And even here, appellant has failed to negative possible benefits which she might have received from the money paid to her stepfather, who, so far as appears in this record, was under no legal duty to support her from his own funds.
The contention of appellant that F.S.A. § 45.02 has not been complied with is likewise without merit. Insofar as this section is applicable, it was complied with in every respect. The second sentence of Subsection (2) of Sec. 45.02 by its plain terms applies only to claims not exceeding $2,000," which is not the case here.
Affirmed.
TERRELL, Acting Chief Justice, and THOMAS and DREW, JJ., concur.