89 So.2d 503 (1956)
L.H. YOUNGBLOOD, Appellant,
v.
Frank Herbert TAYLOR, Appellee.
Supreme Court of Florida. Special Division B.
September 12, 1956.
*504 Bishop & Bornstein, Orlando, for appellant.
Maguire, Voorhis & Wells, Orlando, for appellee.
THOMAS, Justice.
The defendant in the trial court, appellee now, offered a motion for judgment on the pleadings and the circuit judge granted it reciting that after considering the pleadings and the stipulation of counsel he had concluded that no judgment could be lawfully entered in favor of the appellant and that no genuine issue of fact was presented.
The parties had stipulated that by the allegations in the complaint filed in the instant case were set out the same basic issues of negligence that appeared in the complaint filed in the case of Marvin Youngblood, a minor by his father and next friend, Youngblood v. Taylor, Fla., 87 So.2d 817, which had been tried by a jury that returned a verdict of not guilty resulting in a judgment for the defendant. We are presently dealing with an action the father, appellant, instituted on his own behalf.
The salient facts common to the actions are simple. Marvin Youngblood, the son of appellant, was riding his bicycle along a country road when he was struck by a motorcar driven by the appellee. The appellee was charged with negligently injuring Marvin Youngblood.
The real point involved is the effect upon the second case of the verdict returned and judgment entered in the first case. In other words, could a jury in the father's action find the appellee blameworthy, and grant recovery to the father that was denied the son.
The judge allowed the appellee to plead his prior exoneration and eventually this factor was projected into the stipulation and became the foundation of the summary judgment.
*505 The appellant argues that the summary judgment was premature because the judgment in the first case had been brought to this court on appeal before its entry was pleaded, and a decision had not been reached here. But meanwhile this court has affirmed the judgment and a petition for rehearing has been denied, so we may now decide whether or not disposition of the first case concluded the second warranting an affirmance of the immediate judgment, without exploring the question of prematurity.
The question may be more simply stated than decided. Before entering upon a discussion of it, we will review the elements of the doctrine of res judicata and its relation to the doctrine of estoppel by judgment. Briefly, under the first a judgment on the merits of a controversy is conclusive as to the parties and their privies and will bar a subsequent action between the same parties on the same cause of action. In Gordon v. Gordon, Fla., 59 So.2d 40, 44, we undertook to distinguish between the two doctrines and said that under res judicata a final judgment or decree not only bars a later suit "between the same parties based upon the same cause of action" but also upon matters that "could have been raised" while under the doctrine of estoppel by judgment, the two causes of action might be different and the judgment or decree in the first would only estop the "parties from litigating in the second suit issues  that is to say points and questions  common to both causes of action and which were actually adjudicated in the prior litigation."
In Gordon v. Gordon, 160 Fla. 838, 36 So.2d 774, 776, 4 A.L.R.2d 102, we quoted from Bagwell v. Bagwell, 153 Fla. 471, 14 So.2d 841, the statement that "`the test of the identity of the causes of action, for the purpose of determining the question of res adjudicata, is the identity of the facts essential to the maintenance of the actions.'" (Italics supplied.) At a glance it would appear that adoption of this criterion in the instant case would lead to the view that the causes of action were identical because the only difference in the proof would relate to the damages recoverable by the appellant individually, and by the appellant as next friend of his minor son. But such a conclusion would not be logical, as we shall presently demonstrate, because of lack of the prerequisite common to both doctrines, that is, the identicalness of the parties, Universal Const. Co. v. City of Ft. Lauderdale, Fla., 68 So.2d 366; Donahue v. Davis, Fla., 68 So.2d 163.
To illustrate, if two persons wholly unrelated are passengers in a motorcar that becomes involved in an accident, only one set of circumstances arises as a basis for recovery. But it does not follow that there is but one cause of action for each of the injured persons has the right to sue and the action of one is not determined by the adjudication of the action of the other.
It might appear in the present controversy that the "facts essential" to the maintenance of both actions were the same because not only was there a single mishap but a lone person was injured; that, therefore, one element of res judicata is present; and that by the same token an element of estoppel by judgment is present because the "precise facts" seem to have been adjudicated.
We wrote in Gordon v. Gordon, Fla., 59 So.2d 40, that one characteristic of the doctrine of estoppel by judgment was lack of identity of the two causes of action but this peculiarity cannot in itself justify application of the doctrine. We think the decision of this case hinges on the identity or lack of identity of the parties-plaintiff.
Under Section 45.02, Florida Statutes 1953, and F.S.A., Marvin Youngblood was entitled to "sue by his next friend" who in this instance was his father, but that circumstance does not make the father the identical litigant who appeared as plaintiff in both suits for "in the strict sense" a "next friend or prochein ami is not * * * a party to the suit." He is an "officer of the court, especially appearing to look after the interests of the minor whom he represents." (Italics supplied.) Garner v. I.E. *506 Schilling Co., 128 Fla. 353, 174 So. 837, 840, 111 A.L.R. 682. In another jurisdiction it has been held that he is in "no sense" a party to the action. Bertinelli v. Galoni, 331 Pa. 73, 200 A. 58, 118 A.L.R. 398. So, if, as here, the next friend in one suit happens to be the father who brings the other suit, the parties cannot be said to be identical because in one the real party in interest is the minor; in the other the adult. Nor was the appellant a privy to the first action. Rabil v. Farris, 213 N.C. 414, 196 S.E. 321, 116 A.L.R. 1083.
The appellant could not recover for personal injury, pain, disfigurement or permanent disability inflicted on the child, and the child in order to recover such damages was required to sue by a guardian or next friend. The father could recover for loss of the child's services and earnings and for medical expenses incurred in treatment of the child's injuries. But the father's right of action was independent of the minor's and if the minor were to "waive his right to sue, such waiver [would] not bar the father's right." Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225, 227.
The appellant not having been a `party' to the first action, he was not estopped by the verdict and judgment to maintain an action on his own account. Bamka v. Chicago, St. P., M. & O.R. Co., 61 Minn. 549, 63 N.W. 1116. Restatement of Judgments, Sec. 79, Comment j, p. 360.
We have not overlooked the opinion of this court in Rehe v. Airport U-Drive, Inc., Fla., 63 So.2d 66, and other decisions of this court cited in that opinion. In these cases the injured person had died and two actions were instituted, one by the party entitled to sue under the "wrongful death statutes," Sections 768.01 and 768.02, Florida Statutes 1953, and F.S.A., for loss to him, and one by the administrator of the estate of the deceased, Section 45.11, Florida Statutes 1953, and F.S.A. Under the first two statutes cited the facts surrounding the injury must have been of such character that the injured person had he not died could have maintained the action. If they were not of this character, no action could be maintained under the last cited section. So in such circumstances the suits are interdependent, while in the situation with which we are dealing we think they are independent.
We decide that the summary judgment was improperly entered and it is 
Reversed.
DREW, C.J., TERRELL, J., and JONES, Associate Justice, concur.