167 So.2d 248 (1964)
Roy F. PARADIS and R.V. Hemphill, Appellants,
v.
Joseph John CICERO and Charles Wesley Mitchell, Appellees.
No. 4845.
District Court of Appeal of Florida. Second District.
August 5, 1964.
Rehearing Denied September 22, 1964.
Ephraim Collins, Miami Beach; Carlton & McCain, Fort Pierce, and Ulrich, Rubin & Berman, Miami Beach, for appellants.
Alan R. Schwartz, of Nichols, Gaither, Beckham, Colson & Spence, Miami, for appellees.
PER CURIAM.
This is one of two cases here on appeal involving substantially the same parties and having common origin in a collision between two motor vehicles in Okeechobee County. In the other case, subsequently instituted in Hillsborough County, we have *249 denied motions to dismiss and quash the appeal. Cicero v. Paradis, Case No. 4921, Fla.App., 167 So.2d 248, per curiam opinion of this date.
The principal adversaries involved in the two cases seek to be original plaintiffs as to their respective claims for damages. Neither side wishes to be defendants forced to counterclaim, and neither side wishes to litigate in the venue selected by the other. The strategies employed to achieve these ends have presented a web of procedural involvement which we shall attempt to unravel.
The collision occurred in May 1963. It appears that defendant Charles W. Mitchell was traveling in a car owned and occupied by co-defendant Joseph John Cicero, a minor, when it collided with the rear of a dump truck driven by plaintiff R.B. Hemphill and owned by co-plaintiff Roy F. Paradis. The parties thereafter betook themselves to separate court houses.
The instant case was instituted in October 1963 by Paradis and Hemphill against Cicero and Mitchell in Okeechobee County, where the collision occurred, and thereafter on 4 December 1963 Cicero, by his father and next friend, sued Paradis and Hemphill in Hillsborough County. Charles W. Mitchell, driver of the Cicero car, is a party only in the action in Okeechobee County. Neither case has gone beyond the pleading stage.
On 13 February 1964 the Hillsborough County case, our No. 4921 on appeal, was dismissed by the trial court for want of jurisdiction on the ground that jurisdiction of the Circuit Court for Okeechobee County had already attached by reason of the earlier complaint filed in that court. That order of dismissal in Hillsborough County was appealed by plaintiff Cicero, whereupon defendants Paradis and Hemphill moved to dismiss and to quash the appeal. As previously indicated, these motions to dismiss and quash the appeal in case No. 4921 have been denied by us for reasons set forth in a per curiam opinion of this date.
The preliminary skirmishing reached a climactic point when Paradis and Hemphill, plaintiffs in this first instituted Okeechobee County case, brought the instant interlocutory appeal protesting the trial court's dismissal of the complaint and the cause as to co-defendant Joseph John Cicero. Cicero purportedly was served constructively under Sec. 47.30 Fla. Stat., F.S.A. After service on the Secretary of State the court appointed a guardian ad litem for the minor Cicero who was in the armed forces. Proof of service was not forwarded to Cicero until 34 days after service on the Secretary of State, so the trial court correctly ruled that the necessary documents had not been sent "forthwith" as required by the statute. Compare Green Manor Construction Co. v. Punta Gorda Ready Mix Concrete Co., Fla.App. 1963, 159 So.2d 255, reversed as to another point, Fla. 1964, 166 So.2d 889.
The trial court, however, did not merely quash the attempted service upon Cicero with express or implicit leave to make record showing of a new and proper substituted service of process. The court, as previously noted, dismissed the complaint and the action as to Cicero for want of jurisdiction over his person  while the cause remained extant as to the other defendant, Charles Mitchell, upon whom jurisdiction apparently had been activated by personal service of process. This interlocutory appeal was then brought pursuant to Rule 4.2(a) F.A.R., 31 F.S.A. protesting the trial court's order aforesaid. Defendant Cicero has moved to dismiss the appeal on the ground that the order sought to be reviewed is of such final character that it can be attacked only by full appeal. We reject this premise and deny the motion to dismiss the appeal.
We are mindful that an order finally dismissing a complaint as to some but not all the named defendants is ordinarily treated as a final order as to the parties dismissed and is reviewable only by full appeal. Evin R. Welch & Co., Inc. v. Johnson, *250 Fla.App. 1962, 138 So.2d 390; McMullen v. McMullen, Fla.App. 1962, 145 So.2d 568. However, where the appeal is directed to an order dismissing the complaint as to a defendant solely on the ground of ineffectual service of process, the question on appeal is essentially one "relating to jurisdiction," and the speedier interlocutory appeal is permissible under Rule 4.2(a), F.A.R.[1]
Defendant Joseph John Cicero apparently is willing to acquiesce to jurisdiction if, but only if, he can be original plaintiff in a suitable county other than Okeechobee, the sparsely populated rural county where the causes of action arose. Whatever the reason, it is beside the point. We do not here attempt to resolve any head-on clash of active jurisdiction between the Okeechobee and Hillsborough courts. Such issue cannot be confronted in any event while the appeal in Case No. 4921 remains unperfected. We simply note that in the instant case plaintiffs Paradis and Hemphill appear to have regularly invoked jurisdiction of the Circuit Court for Okeechobee County subject, of course, to activation of jurisdiction over the persons of the defendants through proper service of process.
Accordingly the Circuit Court for Okeechobee County retains jurisdiction of this entire cause according to the filed complaint; and although we approve that court's determination that service of process upon defendant Joseph John Cicero was ineffectual, the appealed order is finally determinative only as to that process and not as to the cause of action against Cicero or as to any service of process that subsequently may be had upon that defendant in the same cause. The order of dismissal is treated as an order quashing the attempted service of process on defendant Joseph John Cicero, and as such it is affirmed without prejudice to the right of plaintiffs Paradis and Hemphill to effectuate alias process upon said defendant.
Affirmed without prejudice.
ALLEN, Acting C.J., and SHANNON and WHITE, JJ., concur.
NOTES
[1] Rule 4.2(a) "Appeals to district courts from interlocutory orders at law relating to venue or jurisdiction over the person * * * may be prosecuted in accordance with this rule * * *."