184 So.2d 212 (1966)
Joseph John CICERO, Jr., a Minor by His Father and Next Friend, Joseph John Cicero, Sr., and Joseph John Cicero, Individually, Appellants,
v.
Roy F. PARADIS, Individually and d/b/a Dump Trucks, and R.V. Hemphill, Appellees.
No. 4921.
District Court of Appeal of Florida. Second District.
February 23, 1966.
Rehearing Denied April 1, 1966.
*213 Robert Orseck, of Nichols, Gaither, Beckham, Colson & Spence, Miami, for appellants.
Bernard Berman of Ulrich, Rubin & Berman, Miami Beach, and Carlton & McCain, Fort Pierce, for appellees.
ALLEN, Chief Judge.
Appellants, plaintiffs below, seek review of an order of the Circuit Court of Hillsborough County dismissing their cause "for want of jurisdiction." The basis for the order was the finding that jurisdiction of the cause had already attached in the Circuit Court of Okeechobee County because of an earlier complaint filed in that court.
*214 The existence of this prior action did not create a lack of jurisdiction of the Hillsborough court. The court had jurisdiction over the subject matter of appellants' action, i.e., damages for amounts in the jurisdictional limits of the court; and, the record reveals that appellees were duly and properly served with process.
What the court obviously had in mind was an abatement of the Hillsborough action on the ground of the pendency of another action between the parties. Since it is the settled practice of the appellate courts of this State to affirm a judgment or decree if sustainable under any theory revealed by the record, Savage v. State, Fla. App. 1963, 156 So.2d 566, we shall treat the order as embracing this theory and direct our inquiry to whether the order can be sustained under it.
In May of 1963, a car owned and occupied by appellant, Joseph J. Cicero, Jr., a minor, was involved in an automobile-truck collision in Okeechobee County. Appellee, Hemphill, was the driver of the truck, and appellee, Paradis, was its owner.
In October of 1963, Hemphill and Paradis brought a single action, in Okeechobee County, against Cicero, Jr., and the driver of his car. An attempt to serve Cicero, Jr., was held to be ineffectual by a January 29, 1964, order of the Okeechobee court. The order was affirmed by this court in Paradis v. Cicero, Fla.App. 1964, 167 So.2d 248. The same order dropped Hemphill as a plaintiff on the ground that he had been improperly joined as a party-plaintiff.
On December 4, 1963, Cicero, Jr., by his father and next friend, instituted an action for his personal injuries against Hemphill and Paradis in Hillsborough County. Cicero, Sr., joined in the suit seeking recovery on his own behalf for loss of his son's services and medical expenses incurred. Hemphill and Paradis, on December 30, 1963, filed their motion to dismiss, which was granted February 13, 1964.
"Pendency of another action" is a well-recognized ground for the abatement of a subsequent action. The general principle is stated in State ex rel. Dos Amigos, Inc. v. Lehman, 1930, 100 Fla. 1313, 131 So. 533, as:
"* * * the plea of a prior action pending will abate a later action or suit in the same court or other court of like jurisdiction if the parties are the same and both suits are predicated on the same cause of action."
At 131 So. 535.
Appellants argue, on appeal, the absence of both the identities required to be present before abatement may be properly granted. They argue, with regard to identity of parties, that the parties in the Okeechobee County action were entirely different from those in the Hillsborough County case, because: (1) Cicero, Jr., was no longer a party-defendant in the Okeechobee suit when the Hillsborough action was dismissed; (2) Hemphill was no longer a party-plaintiff in the Okeechobee suit when the Hillsborough suit was dismissed; and (3) Cicero, Sr., was never made a party to the Okeechobee suit.
It can be seen, from the sequence of events, already outlined, that, at the date of the filing of the motion to dismiss Cicero, Jr., and Hemphill both were still parties to the prior action. They were dropped from the action by the January 29, 1964, order, which, of course, was before the adjudication of the motion to dismiss on February 13, 1964.
Prior to such adjudication, however, a notice of appeal was filed assigning as error both the dismissal of Cicero, Jr., and the dismissal of Hemphill. The significance of this occurrence is that we subscribe to the rule followed in several other jurisdictions that a judgment becomes final only when the appellate process, once started, has been completed. See, e.g., Ancateau for use of Trust Co. of Chicago v. Commercial Cas. Ins. Co., 318 Ill. App. 553, 48 N.E.2d 440 (1943); Indianhead Truck *215 Line, Inc. v. Hvidsten Transport, Inc., 268 Minn. 176, 128 N.W.2d 334 (1964); Commonwealth v. Jackson, 345 Pa. 456, 28 A.2d 894 (1942); North East Texas Motor Lines, Inc. v. Texas & Pacific Motor Transport Co., 159 S.W.2d 926 (Tex.Civ.App. 1941).
The appellate process was terminated in September of 1964 with our decision of affirmance. See Paradis v. Cicero, Fla. App. 1964, 167 So.2d 248. Thus, at the time of the adjudication of the motion to dismiss because of the pendency of another action, the order dismissing Cicero, Jr., and Hemphill as parties to the prior action was not final; hence, Cicero, Jr., and Hemphill, technically, were still parties to the action. Their ultimate dismissal was not before the lower court, and therefore could not be the basis for abatement because of the lack of identity of parties.
We must note here that the assignment of error as to the dismissal of Hemphill was subsequently abandoned by the failure to argue the matter as a point on appeal. Nevertheless, at the time of the adjudication of the motion to dismiss, this point was still in suspension as part of the pending appellate proceedings. The subsequent abandonment of the assignment of error, therefore, was of no relevance to the adjudication of the grounds for abatement.
This brings us to appellants' third ground for lack of identity of parties, i.e., the presence of Cicero, Sr., in the Hillsborough suit only.
The appearance of Cicero, Sr., as next friend of his son did not make him the party-plaintiff instead of his son. Quite the contrary, for a next friend, in contemplation of law, is not a party to the suit. Youngblood v. Taylor, Fla. 1956, 89 So.2d 503. He is an "officer of the court, especially appearing to look after the interests of the minor whom he represents." Garner v. I.F. Schilling Co., 1937, 128 Fla. 353, 174 So. 837, 840, 111 A.L.R. 682. Thus, so far as this appearance went, there was no change in the parties to the two actions.
A parent's right of action, however; for recovery of loss of his child's services and medical expenses incurred is independent of the right of action of the child arising out of the same accident. Youngblood v. Taylor, supra; Wilkie v. Roberts, 1926, 91 Fla. 1064, 109 So. 225.
Cicero, Sr.'s cause of action is independent of the right of action of his son. He is permitted to join in his son's cause of action by reason of Fla.Stats. 46.09, F.S.A. Since Cicero, Sr., has elected, pursuant to that statute, to join his cause of action with that of his son, he should be permitted to join only in an action where his son's cause of action has already been filed, that is in the Okeechobee County action.
We shall, therefore, treat the order of dismissal appealed herein as an order abating the Hillsborough County suit because of the pendency of another action. Accordingly, the order appealed from is affirmed.
Affirmed.
SMITH, SHERMAN N., Jr., Associate Judge, concurs.
McNULTY, JOSEPH P., Associate Judge, dissents with opinion.
McNULTY, JOSEPH P., Associate Judge (dissenting).
I agree that there were two actions "pending," involving the same subject matter, at the time of the Order appealed from; and I would further agree that the Order appealed from ought to be taken as an Order granting a plea in abatement. I would disagree, however, that the two actions involved the same parties. I feel compelled, therefore, to dissent from the majority opinion that the Hillsborough action was properly abated.
At the outset, I think it well to observe that at common law and under the codes pleas in abatement have been regarded with disfavor. Horter v. Commercial Bank and *216 Trust Company, 1930, 99 Fla. 678, 126 So. 909; Whitaker v. Wright, Fla. 1930, 100 Fla. 282, 129 So. 889. This disfavor is based upon their technical nature, raising, as they do, procedural matters, to the exclusion of the merits of the cause, and challenging the right of the Court in the exercise of its admitted jurisdiction. See also 1 C.J.S. Abatement and Revival §§ 3 and 17.
Abatement has been permitted, however, among other cases, when a prior action is pending between the same parties and predicated upon the same cause of action;[1] but the common law rules limiting such pleas in abatement are strictly adhered to, particularly with regard to identity of causes of action and identity of parties. See also 1 C.J.S., supra, § 61.
The addition of Cicero, Sr., as a party plaintiff in the Hillsborough action, when he was not in the Okeechobee action in any capacity whatever, defeats any known theory of "identity" of parties which we have been able to find; and, in addition, one of the parties defendant in the Okeechobee action, (i.e., the driver of the Cicero car), wasn't joined, on either side, in the Hillsborough action. For the foregoing reasons, alone, I feel that the "parties" are not identical in both actions and that the plea in abatement cannot be sustained.
There appears to be, however, even more compelling reasons why the Hillsborough action ought not be abated. Clearly, Cicero, Sr. has an independent right of action from that of his child, even though arising out of the same accident. This action is for loss of his child's services and earnings, and for medical expenses incurred in the treatment of his child's injuries. Youngblood v. Taylor, Fla. 1956, 89 So.2d 503. Section 46.09, F.S.A., permits the father to join his action with that of his child, but it cannot be construed to compel it. Indeed, the father would still have his right of action if that section of the Statutes were non-existent, and even if his child's action was never commenced or was already adjudicated.[2]
Cicero, Sr., then, is in no different position than any other plaintiff with a right of action who might otherwise have properly chosen his venue in Hillsborough County; and, in this regard, it has been uniformly held in this State that a plaintiff has the right to choose venue in any transitory action when he properly may do so in one or more jurisdictions within the State. The rule is stated in Greyhound Corporation v. Rosart, Fla.App. 1960, 124 So.2d 708, 712;
"In Florida, the election of venue is with the plaintiff and although it may be more convenient to the defendant and possibly to the plaintiff that the action be prosecuted in another county or circuit, nevertheless, if the election is one which the plaintiff has properly exercised under the statute, (Chapter 46, Fla. Stat., F.S.A.) then the election still remains his and not one which can be dictated by the defendant. Doonan v. Poole, Fla.App. 1959, 114 So.2d 504. See Santa Rosa County v. Trobuck, 77 Fla. 86, 80 So. 748; Enfinger v. Baxley, Fla. 1957, 96 So.2d 538; Peterson v. Kirk, Fla.App. 1958, 103 So.2d 656. To hold otherwise would be to nullify the venue statute which gives the plaintiff the right to file his action in a particular place under certain specified conditions."
And in Atlantic Coast Line Railroad Company v. Ganey, Fla.App. 1960, 125 So.2d 576, in disallowing a transfer of the action, the Court said:
"* * * Absent legislative authority, where a cause of action accrues to one in the State of Florida, and he correctly elects the venue of his action in accordance with the appropriate venue statute, a motion to dismiss or to transfer the action to another court or jurisdiction within this state, for purposes *217 of trial convenience, is unauthorized and one which the trial judge would be without authority to consider. * * *" (Italics supplied).
It appears, therefore, that the Hillsborough Court is without authority to transfer Cicero, Senior's action, even though his action necessarily involves Paradis and Hemphill who are plaintiffs in the Okeechobee action. The fact that Cicero, Jr., (defendant in the Okeechobee action) joined as party plaintiff in the Hillsborough action is purely incidental and permissive,[3] and in no way affects the right of Cicero, Sr. to bring his independent action in any venue which would be otherwise proper.
For these reasons, I respectfully dissent from the majority opinion, and would reverse the Order appealed from.
NOTES
[1] State ex rel. Dos Amigos, Inc. v. Lehman, 1930, 100 Fla. 1313, 131 So. 533.
[2] Youngblood v. Taylor, supra.
[3] Section 46.09 F.S.A.