LETTS, Judge.
This appeal involves the reinstatement of a case dismissed for lack of prosecution. The same order of reinstatement also vacated an earlier order abating the cause entered because litigation on the same subject matter had earlier commenced, and was still pending, in Canada. We reverse that part of the judge’s order vacating the abatement.
From the record and facts provided, we cannot say that the trial judge abused his discretion when, for good cause shown, he reinstated this case dismissed for lack of prosecution pursuant to Fla.R. of Civ.P. 1.420(e). However, we think he was in error in not continuing the abatement. The trial judge himself recognized the continuation of the Canadian proceedings noting in his order:
Those court orders abated this cause because of the pendency of certain Canadian litigation which the Court has been advised by counsel for the Plaintiff and the intervenors, STILL CONTINUES (emphasis supplied).
However the pendency of the Canadian litigation was the very reason for the entry of an abatement order in the first place and if it (the litigation) STILL CONTINUES, we find nothing in the record to warrant a vacation of the abatement. Moreover, part of the Court’s reasoning for reinstatement of the case was that the non-record activity was justified by the Canadian litigation. Accordingly, we find it inconsistent to, in part, find the foreign litigation good cause to reinstate, but not good cause to continue the abatement in accordance with the precepts of Cicero v. Paradis, 184 So.2d 212 (Fla. 2d DCA 1966).
We would comment that the trial court continues to have the authority to reconsider any order of abatement, upon a proper showing of a change in circumstances.
REVERSED IN PART IN ACCORDANCE HEREWITH.
CROSS and ANSTEAD, JJ., concur.