PER CURIAM.
This is an interlocutory appeal filed by Harbour for review of an “Order Dismissing Complaint and ‘Second Amended Complaint’ Without Prejudice.” It is apparent that the order is not an appealable interlocutory order, certainly not at least by Harb-our, the movant who caused the complaint to be dismissed. The fact that the trial judge expressed the view in his order of dismissal that Harbour was amenable to long-arm jurisdiction pursuant to Section 626.906, Florida Statutes, and purported to authorize the plaintiff to file an amended complaint within twenty (20) days from his order and to cause it to be served upon Harbour in accordance with Section 626.907, Florida Statutes, does not render the order one which is the proper subject of review by this Court.
Regardless of the views which the trial judge may have expressed in the body of his order and the certainty with which the parties may have felt that such views would carry over to an anticipated new amended complaint, the fact is that the dispositive provisions of the order did nothing more than to dismiss the existing complaint with leave to file an amended complaint. There was, therefore, nothing for Harbour to appeal. Compare American Health Ass’n, Inc. v. Helprin, 357 So.2d 204 (Fla. 4th DCA 1978), and Paradis v. Cicero, 167 So.2d 248 (Fla. 2d DCA 1964).
If the plaintiffs file the amended complaint authorized by the order, and if plaintiffs purport to effect service of process, and if Harbour moves to dismiss that amended complaint, and if the court denies the motion, then Harbour may be able to appeal that order depending, of course, upon the nature of the order and the grounds relied upon in the motion and order.
Accordingly, this appeal is dismissed.
ERVIN, WENTWORTH and NIMMONS, JJ., concur.