432 So.2d 172 (1983)
ENGLEWOOD WATER DISTRICT, Appellant,
v.
Lee M. HALSTEAD and Yolanda E. Halstead, Appellees.
No. 82-2309.
District Court of Appeal of Florida, Second District.
May 18, 1983.
Rehearing Denied June 6, 1983.
Robert A. Dickinson and Robert M. Pretschner of Robert A. Dickinson, a Chartered Professional Association, Englewood, for appellant.
Charles J. Cheves of Cheves & Rapkin, Venice, for appellees.
GRIMES, Judge.
This appeal involves interpretation of the special act which established the Englewood Water District.
The water district was created in parts of Sarasota and Charlotte counties as a water and sewer authority by chapter 59-931, Laws of Florida. In order to meet the expected cost of expansion, the district assessed a capital contribution charge on a per unit basis. Halstead owns a travel trailer park located within the district. After the district enacted the resolution which authorized the charge, Halstead added approximately one hundred trailer spaces to the system but failed to pay the capital contribution charge. Upon discovery of the *173 addition, the district billed him in the amount of $162,955.
Halstead filed a declaratory action in Sarasota County seeking to have the court determine the enforceability of the capital contribution charge. At the same time in Charlotte County, the district filed a claim of lien against Halstead and his property based upon the unpaid charges. Halstead sued to cancel the lien, and the district counterclaimed to foreclose the lien. The Sarasota action proceeded to trial, and in the final judgment the court stated that "the Englewood Water District does have authority pursuant to Chapter 59-931, Special Laws of Florida, as amended, to impose a `Contribution Charge' or impact fee for the connection to and use of its water production and distribution facilities." A hearing was then held in Charlotte County on Halstead's motion to quash the claim of lien. The court held that the district could not obtain a lien for the charges and ordered the claim of lien quashed.
Once the Sarasota court determined that the statute authorized the capital contribution charge, the issue was res judicata as between these parties. Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956). However, our analysis need not rest solely on the Sarasota judgment. The enabling legislation authorizes the district to "fix and collect rates, fees and other charges for the use of the facilities and services provided by any water system or sewer system." Ch. 59-931, § 4(f), Laws of Fla. Admittedly, impact fees were not an accepted method of financing expansion in Florida at the time the legislature enacted chapter 59-931. See Contractors & Builders Association v. City of Dunedin, 329 So.2d 314 (Fla. 1976). However, in State v. City of Jacksonville, 50 So.2d 532 (Fla. 1951), our supreme court pointed out:
While the general rule is that the words of a statute should ordinarily be taken in the sense in which they were understood at the time the statute was enacted, the rule is subject to the well-accepted qualification that where the statute to be construed is couched in broad, general and comprehensive terms and is prospective in nature, it may be held to apply to new situations, cases, conditions, things, subjects, methods, persons or entities coming into existence since the enactment of the statute; provided they are in the same general class as those treated in the statute, can be reasonably said to come within the general purview, scope, purpose and policy of the statute, and there is nothing in the statute indicating an intention that they should not be brought within its terms.
50 So.2d at 536 (citations omitted). We believe that chapter 59-931 falls within the foregoing qualification. The phrase "rates, fees and other charges" is broad enough to include impact fees. Moreover, the statute is prospective in the sense that it contemplates future charges, and the imposition of an impact fee is consistent with the statutory purpose of authorizing charges sufficient to ensure the maintenance of an adequate water system.
Section 9 of the act further provides:
In the event that the fees, rates or charges for the services and facilities of the water system or sewer system or both shall not be paid as and when due, the unpaid balance thereof and all interest accruing thereon shall be a lien on any parcel or property affected thereby.
Since the statute provides for a lien in the event that a charge is not paid, the court erroneously quashed the claim of lien.
Accordingly, we reverse the judgment and remand for proceedings consistent with this opinion.
OTT, C.J., and SCHEB, J., concur.