City Attorney City of Pensacola Post Office Box 12910 330 So. Jefferson Street Pensacola, Florida 32521
Dear Mr. Caton:
This is in response to your request for an opinion on substantially the following question:
 DOES THE CITY OF PENSACOLA HAVE HOME RULE POWER TO LEVY A TAX, A REGULATORY LICENSE OR A REVENUE LICENSE ON BUSINESSES, PROFESSIONS, OR OCCUPATIONS IN THE CITY'S DOWNTOWN BUSINESS DISTRICT FOR THE PURPOSES OF PROMOTING AND ADVERTISING THE MERITS OF THAT DOWNTOWN DISTRICT.
Your letter of inquiry notes that the City of Pensacola is currently considering the adoption of an ordinance assessing a charge against businesses located in the downtown area of the City of Pensacola.
This proposed ordinance would, inter alia, establish a "downtown business district" and would require any person that operates a business establishment within that district to obtain an annual license from the City. Money collected under this ordinance would be spent by a "business association," an incorporated nonprofit organization, for the conduct of a program to provide promotional services for the district. The proposed ordinance does not purport to regulate such businesses in any way.
For the following reasons, your question is answered in the negative.
Section 166.201, F.S., provides:
 A municipality may raise, by taxation and licenses authorized by the constitution or general law, or by user charges or fees authorized by ordinance, amounts of money which are necessary for the conduct of municipal government and may enforce their receipt and collection in the manner prescribed by ordinance not inconsistent with law. (e.s.)
Thus, s 166.201, F.S., authorizes a municipality to raise "by taxation and licenses authorized by the constitution or general law . . . amounts of money which are necessary for the conduct of municipal government . . . ." (e.s.) This is in accord with the rule that in order for municipalities to levy taxes, they must be so authorized by general law. Sections 1 and 9, Art. VII, State Const.
I also note that the term "license" as it is unqualifiedly used in s 166.201, F.S., appears to include both regulatory and revenue licenses. By the terms of that section, "license" is not limited to license taxes, and can be considered to include, until judicially determined otherwise, regulatory licenses and revenue licenses. See, Englewood Water Dist. v. Halstead, 432 So.2d 172 (2 D.C.A.Fla., 1983); State v. City of Jacksonville, 50 So.2d 532
(Fla. 1951); Florida Industrial Commission v. Growers Equipment Co., 12 So.2d 889 (Fla. 1943). Additionally, the catchline of s166.201 refers to "taxes and charges" (e.s.) and that section authorizes, in the same sentence, the imposition of certain "user fees" or "user charges" which cannot be considered taxes and indicates the Legislature did not intend to limit the requisite authorization by general law to taxes per se. Contrast that section with ss 205.022(1) and 205.042 which define and narrow the term "local occupational license" in a way that s 166.201 does not for the term "licenses." Thus, the term "licenses" as used in s166.201 includes in its generality regulatory taxes levied under the police power and until judicially determined otherwise, regulatory licenses or fees. For definitions of "license" and the nature and distinctions of regulatory licenses or fees and taxes and revenue licenses or license taxes, see generally, 53 C.J.S. Licenses, ss 1-4; see also, Bateman v. City of Winter Park,37 So.2d 362 (Fla. 1948); City of Panama City v. State, 60 So.2d 658
(Fla. 1952); Tamiami Trail Tours, Inc. v. City of Orlando,120 So.2d 170 (Fla. 1960); Finlayson v. Conner, 167 So.2d 569
(Fla. 1964). Therefore, I am of the view that a municipality may not impose either a regulatory license or a revenue license absent authorization by general law.
I also note that s 166.221, F.S., provides:
 A municipality may levy reasonable business, professional, and occupational regulatory fees, commensurate with the cost of the regulatory activity, including consumer protection, on such classes of businesses, professions, and occupations, the regulation of which has not been preempted by the state or a county pursuant to a county charter.
Thus, this section authorizes certain regulatory fees if they are commensurate with the cost of the regulatory activity. The word "regulatory" or "regulation" appears three times in that section and also in the catchline of the statute. When the nature of the City of Pensacola "charge" on the above-described businesses is considered, it is apparent that no regulation of any kind is intended. However, the issue of whether a license fee meets the requirements necessary to be considered a regulatory fee under s166.221 is an issue of fact for ultimate determination by the judiciary. See, AGO 76-30. But I can observe that s 166.221 does not appear to furnish authority for your proposed ordinance. See, 76 C.J.S. Regulate at p. 610, et seq., and Black's Law Dictionary, Regulate 1156 (5th ed. 1979). Since the proposed ordinance or the proposed license does not purport to regulate any business, profession or occupation or any particular business activity or to impose any service or user charge or fee, the proposed "charge" or "license" then would appear to constitute a tax, the levy of which must be authorized by general law. Section 166.201, F.S., ss 1(a), 9(a), Art. VII, State Const.
Sections 166.201 and 166.221, F.S., were enacted by Ch. 73-129, the "Municipal Home Rule Powers Act," at the same time as Part I of Ch. 166, are an integral part of that act, and the City of Pensacola is bound thereby, even if these sections of the act do not expressly prohibit the proposed ordinance or expressly preempt the subject matter to the state within the meaning of s 166.021, F.S. Sections 166.201 and 166.221 are constituent parts of the Municipal Home Rule Powers Act, Ch. 166, F.S., and the City may not take any action or enact any ordinance contrary thereto, or in conflict therewith. To the extent of any conflict, City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (3 D.C.A.Fla., 1981), pet. rev. den., 408 So.2d 1092 (Fla. 1981) would control and the proposed ordinance would be invalid. See, Rocio Corp. at 1069-1070. Compare, AGO 83-60 (concluding that s 166.261[1], F.S., was a limitation of authority on the power of municipalities).
In summary, until legislatively or judicially determined otherwise, and in view of the express language of ss 166.201 and166.221, F.S., I am of the view that a municipality does not possess home rule power to enact an ordinance imposing a regulatory fee other than those regulatory fees provided for in s166.221, for the purposes and to the extent specified therein; in view of s 166.201, F.S., and ss 1(a) and 9(a) of Art. VII, State Const., the power to levy any tax may be granted only by general law, and therefore, the City of Pensacola has no home rule power to impose a proposed license "fee" or "charge" for the purpose of promoting the downtown business district whether such a fee be termed a tax or a license or a regulatory fee.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General