WOLF, C.J.
The former wife challenges a final order granting the husband’s supplemental petition to vacate and set aside a Qualified *946 Domestic Relations Order (QDRO). She asserts that the doctrine of res judicata barred the granting of the husband’s supplemental petition. We agree and reverse.
The marriage of the parties was dissolved in August 1992. The Final Judgment of Dissolution of Marriage provided, in paragraph four, for the equitable distribution of the former husband’s/appellee’s retirement fund from his employer, providing that $600 per month would be paid to the wife from the retirement fund as part of the equitable distribution of assets:
The husband shall receive exclusive use, possession, and ownership of the proceeds from his pension/retirement from his employment with ITT Rayonier, except for $600.00 per month which shall be paid to the wife as part of the equitable distribution of assets.
On June 12, 1995, the trial court entered a QDRO pursuant to paragraph four of the Final Judgment of Dissolution of Marriage; both parties signed the QDRO as consenting to its provisions. The QDRO identified the former wife/appellant as the “Alternate Payee” on the pension funds and ordered that she be awarded the sum of $600 per month “over the life of the Alternate Payee”:
Alternate Payee, Sarah Frances Potts f/k/a Sarah Frances Peeples, is awarded and the administration of the plan is directed to pay, the sum of $600.00 per month from the Member’s Plan over the life of the Alternate Payee.
On June 30, 1995, the appellee/former husband filed a “Motion to Clarify Qualified Domestic Relations Order” asking the court to enter an amended QDRO on the grounds that the QDRO “inadvertently provides for retirement benefits to be paid to the former wife ‘over the life of the alternate payee’ ” when the clause should read “over the life of the member.”
A hearing was held on appellee’s Motion to Clarify where the trial court heard argument of counsel. Following the hearing, and based on the argument provided, the trial court entered an order denying the former husband’s Motion to Clarify the QDRO. The former husband’s motion for rehearing was also denied. The former husband filed a notice of appeal of the order denying his motion to clarify, but he voluntarily dismissed the appeal.
On January 22, 1996, the appellee/for-mer husband filed a “Motion for Relief from Order” in which he argued, among other things, that the trial court should, pursuant to rule 1.540, vacate the QDRO or amend the QDRO to reflect that the wife should receive $600 per month “over the life of the member.” This motion also questioned when the payments to the former wife should begin. An evidentiary hearing was held on the “Motion for Relief from Order,” following which the court denied the former husband’s motion for relief from the QDRO.
In April 1999, the appellee/former husband filed a “Supplemental Petition to Vacate and Set Aside the Qualified Domestic Relations Order,” in which he sought essentially the same relief and made essentially the same argument as he had in the prior “Motion for Relief from Order,” that the trial court should, pursuant to rule 1.540, vacate the QDRO. After hearing arguments of counsel in regard to the petition, the court granted the Supplemental Petition. That order is being appealed here.
The conditions precedent to application of the doctrine of res judicata are 1) identity in the things sued for; 2) identity of cause of action; 3) identity of persons and parties to the action; and 4) identity of the quality of the person for or against whom the claim is made. See, e.g., Albrecht v. State, 444 So.2d 8 (Fla.1984); Poe *947 v. State Road Dep’t, 127 So.2d 898 (Fla. 1st DCA 1961). The test for determining the cause of action, for the purpose of applying res judicata, is the identity of the facts essential to the maintenance of the action. Poe, 127 So.2d at 899 (citing Youngblood v. Taylor, 89 So.2d 503 (Fla.1956)).
The appellee/former husband has on three different occasions attacked the same provision of the QDRO. In examining the motions side by side it is apparent that the “thing sued for” in all three motions is the same — in every one the appellant sought to have the QDRO amended to read that the former wife would not receive $600 a month from his pension plan for the duration of her life. In the second and third motions the “thing sued for” also included a claim that the QDRO misstated when the payments to the former wife should begin.
The appellee argues that the cause of action is different in each petition, and therefore, there is no identity in the cause of action. However, the determining factor in deciding if a cause of action is the same for purposes of applying res judicata, is whether facts or evidence necessary to maintain the suit are the same in both actions. Albrecht v. State, 444 So.2d at 12. In the instant case the facts and evidence sufficient for the trial court to have made its determination in the order granting the appellee’s Supplemental Petition are identical to the facts and evidence which were required by the court in denying appellee’s prior two motions: the “Motion to Clarify” and the “Motion for Relief from Order.”
The order on appeal is reversed.
PADOYANO and POLSTON, JJ., CONCUR.