**MORRIS GORDON v. MIRIAM GORDON**

| | |
|---|---|
| 36 So. (2nd) 774 | June Term, 1948 |
| July 31, 1948 | Special Division B |
| Rehearing denied September 24, 1948 | |

*Blackwell, Walker & Gray,* for appellant.
*Rosenhouse & Rosenhouse,* for appellee.

HOBSON, J.:

This is a divorce action wherein the appellee was the plaintiff below and the appellant the defendant. On January 18, 1946, appellee instituted an action for divorce, on the ground of indignities to her person, against appellant, in the Court of Common Pleas in and for Cambria County, Pennsylvania, a court of record having jurisdiction to grant the relief sought in said suit. Thereafter, she caused process to be duly and regularly served upon appellant, who did then appear in said action and did, on May 27, 1946, file his answer to her libel or bill of complaint therein, and thereupon said cause was then at issue and ready for trial.

On approximately June 25th, 1946, appellee journeyed to Miami Beach, Florida, and, on September 30, 1946, notwithstanding the pendency of her aforesaid action for divorce in the Court of Common Pleas in Cambria County, Pennsylvania, she instituted this suit at bar and filed in the Circuit Court in and for Dade County, Florida, her verified bill of complaint for divorce against the appellant. The appellant, after service of process had been obtained upon him by publication, filed his appearance in this action on October 30, 1946, and thereafter, on December 4, 1946, he did file his answer to plaintiff's bill of complaint.

The appellant having filed his answer in this suit at bar, and said suit being at issue, a Special Master was appointed to take the testimony of the parties.

On May 5, 1947, the appellee filed her petition in the Common Pleas Court in and for Cambria County, Pennsylvania, for leave to discontinue her said action for divorce then pending in said court, and on May 13, 1947, after argument on said petition and the appellant's answer thereto, her said petition to dismiss her Pennsylvania action was not granted but was dismissed, and on said date, May 13, 1947, upon the motion of appellant filed in said Pennsylvania action, a Master was appointed by the court.

On May 28, 1947, the Special Master appointed in this suit at bar having heard the testimony and received the evidence of the parties thereto, filed his report, in which he

stated that although the appellee, in and by her said bill of complaint, charged the appellant with extreme cruelty, habitual indulgence by him of violent and ungovernable temper and continuance of willful, obstinate and continued desertion of her for one year, he found that the testimony of appellee and her witnesses failed to support either the charge of habitual indulgence in violent and ungovernable temper on the part of appellant or the charge of willful, obstinate and continued desertion of her by the appellant and that the gravamen of the appellee's case rested upon her charge of extreme cruelty and the Special Master recommended that appellee be awarded a decree of divorce on the last mentioned ground.

On due notice given the respective parties in the said Pennsylvania action, the Master appointed in said action did, on May 27, 1947, hold a hearing in the said City of Johnstown, Pennsylvania, at which said hearing the appellee did not appear and was not represented by counsel. The appellant and his witnesses did appear and voluminous testimony was taken and evidence was offered and received relevant to the issues involved in said action, and upon the conclusion of said hearing the said Master, on June 16, 1947, after due notice to counsel for the parties in said cause, filed therein his report wherein he recommended that the prayer of the appellee for a decree of divorce a vinculo matrimonii be refused and that her libel or bill of complaint be dismissed, ten days being allowed to each of said parties to file exceptions to said report. No exceptions to the said report being filed, the said court, on June 28, 1947, made and entered a final decree in said suit wherein and whereby the findings of fact, conclusions of law and the recommendations of the said Master were adopted by the court and the libel or bill of complaint of the appellee was dismissed at her cost.

Thereupon the appellant did, on July 9, 1947, file in this suit at bar his motion to dismiss the bill of complaint of the appellee on the grounds set forth in said motion, and particularly on the ground that the matters in issue in this action at bar had been adjudicated and finally determined by

the said final decree made and entered in said Pennsylvania suit, and that said final decree is conclusive upon the appellee in this suit at bar, and that the final decree made and entered in said Pennsylvania action is entitled to and must be given full faith and credence in conformity to the provisions of Section 1 of Article IV of the Constitution of the United States, the laws of the United States and the judicial decisions of the Supreme Court of Florida; and the appellant did attach to, as "Exhibit A" and make part of his said motion an exemplified copy of the record of said Pennsylvania action, including the final decree of the said Common Pleas Court adopting the findings, conclusions and recommendations of the Master and dismissing the appellee's libel or bill of complaint filed in said action.

On July 11, 1947, the appellee filed in the suit at bar her motion to strike the appellant's motion to dismiss her bill of complaint as aforesaid and thereupon appellant did, on July 14, 1947, file in this action his motion for leave to amend Paragraph 12 of his answer filed in said cause by adding thereunto an additional unnumbered paragraph containing the allegations set forth in said motion, pleading said final decree entered in said Pennsylvania suit and facts which appellant contends, if proven to be true, would require the said Circuit Court to give full faith and credence to said decree of said Pennsylvania Court and dismiss the bill of complaint in this suit at bar, the exemplified copy of the record of said Pensylvania action being by reference made a part of said motion; and on July 18, 1947, the Chancellor granted the appellant leave to amend his answer as aforesaid and on July 21, 1947, the appellant filed his amendment of his answer in the particulars set forth in his said motion for leave to make said amendment.

On July 24, 1947, the appellee filed in the suit at bar her motion to strike the said amendment of appellant's answer and thereafter, on July 31, 1947, the Chancellor made and entered an order denying the appellee's motion for better particulars, granting her motion to strike appellant's motion to dismiss her bill of complaint, and granting the appellee's mo-

tion to strike the said amendment of appellant's answer. Upon the same date the Chancellor entered a final decree of divorce in the said action denying the exceptions to the Special Master's report filed by the appellant, adopting the Special Master's report, findings and recommendations, and granting a final decree of absolute divorce in favor of the appellee against appellant and terminating and dissolving the bonds of matrimony theretofore existing between them.

The question before this Court for determination is whether the Chancellor erred in failing to give full faith and credit to the final decree entered by the Pennsylvania Court. Appellant contends that the Pennsylvania decree is a proper predicate for the defense of res adjudicata and constitutes a bar to the instant action. Appellee maintains that said Pennsylvania decree cannot be pleaded in bar because at least one of the essential elements of res adjudicata—identity of the causes of action—is not present. In support of this contention appellee cites Prall v. Prall, 58 Fla. 496, 50 So. 868; Bagwell v. Bagwell, 153 Fla. 471, 14 So. (2nd) 841; Coleman v. Coleman, 157 Fla. 515, 26 So. (2nd) 445, and other cases.

Counsel for both parties recognize the rule that "the test of identity of causes of action for the purpose of determining the question of res adjudicata is the identity of facts essential to the maintenance of the actions." Bagwell v. Bagwell, supra. The ground for divorce invoked by appellee in the Pennsylvania suit was "Indignities to the person." In the Florida action the appellee relied upon several grounds, among them "extreme cruelty." It is this ground with which we are concerned because the Special Master recommended a divorce only upon that ground.

This Court has recognized two types of "extreme cruelty" —one physical, the other mental. Apparently Pennsylvania, through its legislative body, has also given cognizance to this distinction by providing separate grounds for divorce, to-wit: "indignities to the person" and "Cruel and barbarous treatment" which endangers the life of the injured and innocent spouse. The former ground appears from the adjudications of the Pennsylvania Courts to fall into our classification of

mental cruelty and the latter into the category of physical cruelty. Taylor v. Taylor, 16 Atlantic (2nd) 651.

The Special Master in his report in this case made the definite statement, "There is no suggestion in this case that any actual physical cruelty was ever visited upon the plaintiff by the defendant or attempted." The appellee in her complaint or libel filed in the Pennsylvania Court set forth no facts but only charged, in the language of the statute, that "the respondent herein named, did on or about the 23rd day of November, 1944, and many times previous to said date, offer such indignities to her person as to render her condition intolerable and her life burdensome."

The character of testimony produced by appellee in the instant case is essentially the same as that which she would have been required to present to establish her charge of "indignities to the person," had she pursued her action in Pennsylvania where she was given ample notice and opportunity to be heard. Consequently, we hold that the learned Chancellor erred in granting appellee's motion to strike the amendment to the appellant's answer and in entering a final decree of divorce in favor of appellee. Full faith and credit should have been accorded the final decree of the Pennsylvania Court.

There is no merit to the contention that the Judge of the Common Pleas Court of Pennsylvania should have granted appellee's petition for leave to discontinue her said action for divorce which was pending in said court. Her remedy was by appeal from that Court's order denying her petition.

The Chancellor was correct in denying appellant's motion to dismiss appellee's bill of complaint because a final decree, as well as the law of a foreign jurisdiction, must be pleaded and proved.

The cause is reversed and remanded for future proceedings not inconsistent with this opinion.

THOMAS, C. J., ADAMS, J., and WHITE, Associate Justice, concur.