## STATE, ex rel. COLDING v. TAX ASSESSOR, et al.

No. 939.

Circuit Court, Collier County.

March 18, 1966.

C. Clyde Atkins, Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for the relator.

James R. Adams, County Attorney, and Darrey A. Davis, Miami, for the respondents.

HAROLD S. SMITH, Circuit Judge.

This cause coming on to be heard on the relation of the petitioner against Sam Colding, as county tax assessor of Collier County, and others; and the court having taken the testimony herein and examined exhibits and evidence submitted in this cause, and the court being advised in the premises, it is found, determined and adjudged as follows —

In the ultimate, this case has resolved itself down to the point where the questions of law are already determined. What remains for the court to find is the determination of the question of fact. The petitioner alleges that the respondent tax assessor was not following the constitutional mandate of assessing the property in Collier County at the values required by the constitution. The tax assessor alleges in his response to the petition that he was doing just that. It then became necessary for the court to hear the matter and to take testimony and examine the evidence to determine as a matter of fact whether the assessor was in fact assessing all property in Collier County, as required by the constitution, at just value.

The petitioner presented an imposing array of evidence which would tend to show that the tax assessor was assessing properties for a fraction of "fair market value" or "just value", based upon the sales prices which were indicated by the public records and evidenced by the amount of documentary stamps affixed on the instrument in the public records. Scores of such sales were introduced by the petitioner and his contention was that these prices indicated on the sales of record should determine the fair market value. In turn, the assessor introduced evidence of many sales where the assessment exceeded the amount of the sales price, as indicated on the records by the documentary stamps. There was other evidence concerning the number of building permits and many other alleged gross inequities cited by the petitioner; but the assessor continued to assert that he was following the mandate of the constitution and the guidelines determined by the legislature in §193.021, Florida Statutes, in the seven criteria established for the assessed valuation of property.

There are many things which affect value. It is impossible to achieve any hard and fast objective, metrical measurement of exact and precise valuation. As men's minds and discretions vary in all matters affecting values — both material and ethical — so also can reasonable and completely honest men differ in their considered opinion and discretion as to the value of property.

This court has heard countless hours of testimony in eminent domain proceedings where land appraisal experts on opposite sides

of the controversy — both fully honest and professionally capable — would reach figures varying by astonishing percentages. It is to reconcile these varying appraisals that the law wisely provided a twelve-man jury.

The petitioner placed great reliance upon the apparent "sales price" of the items he submitted into evidence. There is no synonymity of "sales price" and "just value". The sale price of property includes many factors of price increase which are not included in cash value and which bear no relation to the property being sold. These would include the advertising and promotion expense, the brokerage, legal and documentary tax costs and a profit — either reasonable or unreasonable — to the owner of the property being sold. There can be no presumption that any given piece of property is going to be sold. Sales price alone cannot be the sole bedrock under the laws of this state on which fair market value is bottomed. Sales prices are much like Scripture; they can be used to prove — or disprove — almost anything, according to the viewpoint of the citator of such Scripture.

The tax assessor of a county is vested with a wide discretion in the application of his official judgment as to what constitutes the full cash value of the lands in his county. His official findings on these values are vested with a presumption of correctness which will prevail, absent a showing of gross abuse of this discretion. There are doubtless some inequities in the assessments of the various properties in Collier County — some too high, some too low. The respondent tax assessor admits himself that he was sure there must be some in the overall role of some 70,000 different items. He did not claim to be infallible. The law provides for a board of equalization to correct these inequities. There are not, however, sufficient inequities to create and determine a pattern of either over-assessment or under-assessment.

While there are variances in the values attributed to the lands in this county by the relator, as compared to the assessment made by the respondent tax assessor, these variances are the natural product of the differences in the minds of men; but in the overall assessment factor of the lands in Collier County, there are insufficient variances to show a gross abuse of discretion by the tax assessor in reaching his assessed valuations.

Wherefore, it is ordered and adjudged that the alternative writ of mandamus hereinbefore entered in this cause and the successive writs spawning herefrom be and the same hereby are quashed and dismissed at the relator's costs.