## STATE, ex rel. CONBOY v. TAX ASSESSOR, et al.
No. 1140.

Circuit Court, Collier County.

January 10, 1968.

Robert M. Brake, Coral Gables, for the relator.

James R. Adams, County Attorney, and Darrey A. Davis of Scott, McCarthy, Steel, Hector & Davis, Miami, for the respondents.

HAROLD S. SMITH, Circuit Judge.

This action is before the court on respondents' motion to strike, motion to quash, motion to dismiss and motion for summary judgment. The question presented for determination is whether this mandamus action is barred by the final judgment in a prior mandamus action involving the same parties and identical issues, and whether this action is subject to dismissal for failure of the relator to comply with the order of court and the rules governing interrogatories.

The petition for writ of mandamus in this action (case no. 1140) and the petition filed in case no. 939 are identical and contain the same allegations, word for word. The parties are the same, and identical issues and questions of law are presented by the pleadings. The only difference is that the prior mandamus action involved the 1964 tax roll, while the present action relates to the 1966 tax roll.

In the prior mandamus action (case no. 939), a final judgment quashing the alternative writ of mandamus and dismissing the petition was rendered by this court after trial of the same issues presented herein. See 26 Fla. Supp. 104 (1966).

On appeal taken by relator, the final judgment was affirmed by decision and mandate of the District Court of Appeal, Second District, in State ex rel. Conboy v. Colding, 200 So.2d 246 (1967). Thereafter, the Supreme Court of Florida in State ex rel. Conboy v. Colding, 204 So.2d 331 (1967), denied relator's petition for writ of certiorari seeking a review of the decision of the District Court of Appeal.

This present mandamus action was filed by relator while case no. 939 was still pending before this court. After entry of final judgment and while relator's appeal therefrom was pending in the District Court of Appeal, an agreed order was entered staying the present mandamus action and providing that it should remain in abeyance pending the decision of the District Court of Appeal, because case no. 939 involves the same parties, subject matter, points of law, and evidence as the case at bar, and that a determination of such prior action necessarily would be determinative of this action.

Upon stipulation of the parties, this action was dismissed by order of court after the decision of the District Court of Appeal. Pursuant to the request of relator, such order of dismissal was vacated and this action reinstated.

The respondents then propounded interrogatories to the relator requiring him to answer whether he has any evidence or knows of any evidence different from the evidence presented in case no. 939 which could be utilized in this action, and if so, to state the nature of such evidence. The relator did not answer such interrogatories in accordance with the requirements of the rules. Pursuant to motion and hearing, the court entered an order requiring relator to answer the interrogatories. The answers filed by relator do not comply with the rules of procedure nor the order of the court. The relator has failed to show the existence of any material evidence that is not substantially the same as the evidence presented in case no. 939. On the basis of the record and a hearing in the nature of a pre-trial conference, the court finds that the factual issues and the evidence in this action are not materially different and are substantially the same as in case no. 939.

Public policy and the interests of litigants require that there be an end to litigation. The doctrine of res judicata rests on the ground that the party to be affected who has litigated, or had the

opportunity to litigate, the same matter in a former action in a court of competent jurisdiction should not be permitted to litigate it again to the harassment and vexation of his opponent.. The doctrine not only puts an end to strife, but produces certainty as to individual and public rights and gives dignity and respect to judicial proceedings. Otherwise, judicial proceedings would be interminable so long as litigants were possessed of the means to prolong their controversies and to obtain counsel to advocate innumerable variations of their contentions. It is considered that a final judgment presents evidence of the facts of so high a nature that nothing that could be proved by evidence from another source would be sufficient to overcome it. Therefore, it would be useless for a party against whom judgment has been entered to adduce any other evidence, and accordingly he is estopped or precluded by law from doing so. 19 Fla. Jur., *Judgment and Decrees,* §104, page 113.

It is recognized that there is a difference between the effect of a judgment as a bar to a second action on the same claim or demand, and its effect as an estoppel in another action between the same parties on a different claim or cause of action. For the purpose of determining the applicability of the doctrine of res judicata, the test of the identity of the causes of action is the identity of the facts essential to the maintenance of the actions. Poe v. State Road Department, 127 So.2d 898 (Fla. App. 1961); Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956); Gordon v. Gordon, 160 Fla. 838, 36 So.2d 774.

In determining the applicability of the doctrine of res judicata, it possibly might be considered that relator's two mandamus actions constitute different claims or causes of action, because the first concerns itself with the 1964 tax roll, while the second relates to the 1966 tax roll, although the actions are identical in all other respects, and even though the respective tax rolls were made in exactly the same manner.

However, if the doctrine of res judicata is not applicable, the principle of estoppel by judgment is controlling in this action. Estoppel by judgment operates to preclude parties from litigating in a second suit, issues which were actually decided in a previous suit, even though the causes of action are different. Hohweiler v. Hohweiler, 167 So.2d 73 (Fla. App. 1964). The principle of estoppel by judgment is applicable where the two causes of action are different. The judgment in the first suit estops the parties from litigating in the second suit issues, points and questions common in both causes of action which were actually adjudicated in the prior litigation. Smith v. Florida East Coast Railway Company, 151 So.2d 70 (Fla. App. 1963). Thus, the relator is estopped from

relitigating any of the issues adjudicated in the prior mandamus action. The record establishes that this mandamus action does not present for adjudication any issues of material facts or any points and questions of law that have not been actually adjudicated in the first action.

Moreover, the purpose of mandamus as a remedy to compel official action is not to establish a legal right, but its function is to enforce a right which has already been clearly established. The relator must demonstrate his entitlement to a clear legal right to compel the performance of an indisputable legal duty. State ex rel. Glynn v. McNayr, 133 So.2d 312 (Fla. 1961). Mandamus is an extraordinary remedial process which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion, in accordance with well settled principles of law. The equities of the parties, considerations of public interest, the efficacy or futility of the writ, and the respondents' ability to comply with the writ, are matters which motivate the exercise of the judicial discretion. 21 Fla. Jur., *Mandamus*, §13, page 322. The duty whose enforcement is sought must be one that the respondents can perform. Mandamus will not lie to compel the performance of an act that is beyond the power of the respondents. This is true notwithstanding the fact that the respondents may have put it out of their powers to perform the duty requested. 4 U. Fla. L. Rev., *Mandamus in Florida*, 535. It is apparent that a peremptory writ could not, or should not, issue to compel the respondents to make up an entirely new tax roll of Collier County for the 1966 tax year.

It is accordingly ordered and adjudged that the alternative writ of mandamus heretofore issued by the court is discharged and quashed, and relator's petition for writ of mandamus is dismissed.