339 So.2d 1130 (1976)
E.W. COLE, Appellant,
v.
FIRST DEVELOPMENT CORPORATION OF AMERICA, a Florida Corporation, Appellee.
No. 76-377.
District Court of Appeal of Florida, Second District.
November 24, 1976.
William H. Shields of Pavese, Shields, Garner, Haverfield & Kluttz, Fort Myers, for appellant.
F. Lynn Gerald, Jr. of Sheppard & Woolslair, Fort Myers, for appellee.
BOARDMAN, Acting Chief Judge.
Appellant/plaintiff timely appeals a summary judgment entered in favor of appellee/defendant finding that appellant's action was barred by res judicata.
The complaint initiating this case sounded in tort alleging that appellee fraudulently *1131 agreed to sell a parcel of real estate which it did not own and prayed for money damages. Appellant had filed a prior suit against the same appellee, arising out of the same factual circumstances, seeking specific performance of a contract to convey that parcel. In the contract action the trial court granted a summary judgment to appellee finding that appellant had not submitted a written contract sufficient to withstand the statute of frauds.
It is not disputed that the contract and the tort actions arose from the same underlying facts. The doctrine of res judicata does not however bar a cause merely because the actions arose from the same factual situation. Seaboard Coast Line R. Co. v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972). We point out that res judicata applies only when the four identities are present (1) identity of the thing sued for, (2) identity of the cause of action, (3) identity of the persons and parties, and (4) identity of the quality or capacity of persons for or against whom the claim is made. E.g., Matthews v. Matthews, 133 So.2d 91 (Fla. 2d DCA 1961).
Identity of the causes of action is established where the facts which are required to maintain both actions are identical. Gordon v. Gordon, 160 Fla. 838, 36 So.2d 774 (1948). In the case before us the facts necessary to allege and prove the fraud and deceit action are contradictory to those necessary to sustain the contract action. This obvious difference between the facts essential to each of these two causes of action precludes the application of the doctrine of res judicata.
In addition the requirement of identity of the thing sued for is not satisfied. Appellant prayed for damages in the tort action and for specific performance in the contract action. We are aware that a difference in the relief sought does not conclusively bar operation of res judicata but where two different grounds of relief are sought pursuant to two separate and distinct causes of action it would be improper to apply the doctrine. See Seaboard Coast Line, supra.
True it may be the preferred practice to allege all of a party's causes of action in one complaint but the Florida Rules of Civil Procedure do not require that it be done. See Fla.R.Civ.P. 1.110(g). The rules permit joinder of causes of action but they do not
prevent, nor is there any principle which precludes, the prosecution of several actions upon several causes of action... It makes no difference that the causes of action might be united in a single suit; the right of the party in whose favor they exist to separate suits is not affected by that circumstance....
1B J. Moore, Federal Practice ¶ 0.410[2], at 1163 (2d ed. 1948), quoting Secor v. Sturgis, 16 N.Y. 548, 554 (1858).
REVERSED.
GRIMES and SCHEB, JJ., concur.