ON PETITION FOR REHEARING
ROBERT P. SMITH, Jr., Judge.
Appellees, by their petition for rehearing, have called to our attention that Dragstrem’s potential cause of action for breach of warranties of title, described in my opinion filed October 25, 1979, was pleaded as such by count II of Dragstrem’s amended complaint, filed February 6, 1976, and was tried before a jury in the proceedings which led to the judgment considered and reversed by our decision in Butts v. Dragstrem, 349 So.2d 1205 (Fla.1st DCA 1977), cert. den., 361 So.2d 831 (Fla.1978). Dragstem’s count II, alleging damages sustained as a result of a breach of warranties of title, was withdrawn from the jury’s consideration by a directed verdict for Butts, for failure of proof by Dragstrem. The trial court judgment therefore terminated Dragstrem’s alleged cause of action as described in my opinion for the court filed October 25, 1979, and Dragstrem did not cross-appeal that adverse ruling when we considered and vacated his fraud judgment more than two years ago. The termination of that warranty claim on the merits, for failure of proof, is conclusive against Dragstrem on principles of res judicata. Gordon v. Gordon, 59 So.2d 40 (Fla.1952); Cole v. First Development Corp. of America, 339 So.2d 1130 (Fla.2d DCA 1976).
We have considered whether Drag-strem failed in proving “purely technical” or preliminary matters essential to his claim, rather than its essential merits, so avoiding the res judicata effect of prior litigation. E. g., Kent v. Sutker, 40 So.2d 145, 147 (Fla.1949). It appears he did not introduce the warranty deed into evidence, so he failed to prove the alleged warranties. He also failed to prove the title defects which allegedly gave rise to the breach of warranties of title. The directed verdict rested on those grounds. However readily the missing evidence might have been adduced, it was central to the merits of Drag-strem’s claim, and the ruling against Drag-strem was on the merits. Res judicata bars Dragstrem’s warranty claim.
The petition for rehearing is GRANTED and the judgment of the circuit court is AFFIRMED.
MILLS, C. J., and SHIVERS, J., concur.