422 So.2d 996 (1982)
HUSKY INDUSTRIES, INC., a Delaware Corporation, and Insurance Company of North America, a Pennsylvania Corporation, Appellants,
v.
Wilson J. GRIFFITH, Sherwin-Williams Company, a Foreign Corporation, Continental Can Company, Inc., a Foreign Corporation, and Union Oil Company, a Foreign Corporation, Appellees.
Nos. 81-1597, 82-5.
District Court of Appeal of Florida, Fifth District.
November 24, 1982.
*997 Stephen W. Beik of Pitts, Eubanks & Ross, P.A., Orlando, for appellants.
Carey N. Bos of Rogers & Dowling, P.A., Orlando, for appellees.
COBB, Judge.
The issue in this case is whether the trial court properly granted a summary judgment for third-party defendant, Continental Can Company. We hold it did and affirm.
The plaintiff in the action below, Wilson J. Griffith, brought suit against appellant, Husky Industries, to recover damages for injuries he received when the Smokey Bear Charcoal Lighter Fluid he was applying to a charcoal grill ignited, causing the can to explode. Husky filed a third-party second amended complaint against Sherwin Williams, the manufacturer of the container; Continental Can Co., which manufactured the closure for the container; and Union Oil Co., which supplied the lighter fluid.
*998 The action against Continental is the focus of this appeal. The complaint against Continental sought damages both under indemnity and contribution.[1] In the complaint, Husky alleged three counts against Continental. The first, for negligence, alleged that Continental breached its duty to manufacture the caps and spouts free of defects and safe for the uses intended and foreseeable. Husky alleged that such negligence consisted of, but was not limited to, improper design, manufacture or assembly, the failure to inspect for defects, and the failure to warn of dangers. Husky's second count was based on an implied warranty of merchantability and fitness for use. Husky claimed that the warranty was breached by the defective design due to Continental's failure to provide flashback arrestors, which allowed the can to explode. The final count against Continental was for strict liability, with Husky alleging that the spouts and closures contained a defect or defects which created an unreasonable risk of harm to foreseeable users, and that Husky relied on Continental to provide a product free of defects, with Continental knowing this and knowing that no inspection by Husky would occur. Husky also alleged the defect consisted of, but was not limited to, the defective design of not allowing for the flashback arrestor.
Continental moved for a summary judgment, alleging that the instant action was barred by res judicata and/or collateral estoppel, since the question of liability between Husky and Continental regarding the manufacture and sale of charcoal lighter cans had been determined in a prior case, Black v. Husky, Inc., No. 78-4591 CA(L)OIG (15th Judicial Circuit In and For Palm Beach County (1980)). In Black, the plaintiff was injured in the explosion of a can of Sparky Lighter Fluid manufactured by Husky when he lit a match on lighter fluidsoaked charcoal. The flames then spread to the can, exploding, injuring the plaintiff. Black brought suit against Husky, and Husky then filed a third-party complaint against Sherwin Williams, Continental and Union Oil. In the complaint, Husky alleged counts of negligence, implied warranty and strict liability similar to those pled in the instant case's complaint. The negligence alleged was in the specifying, designing, manufacturing, inspecting and assembling of the spouts and closures, with the negligence consisting of, but not limited to, improper design, manufacture or assembly, improper testing and inspecting, and failure to adequately warn of the dangers and the failure to use safety precautions.
In the implied warranty count, Husky alleged that the spouts and closures were defectively designed so as to allow explosions, and in the strict liability count, they alleged that the parts contained a defect or defects which created an unreasonable risk of harm to foreseeable users, with Continental knowing that no inspection would occur prior to use.
In answer to request for admissions in the instant case, Husky admitted that it was involved in a prior third-party action with Continental Can; that the cap and closure on the Sparky can in the Black case was the same type as that in the instant case; that the suit was based on negligence, breach of implied warranty and strict liability; and that the court entered a final judgment for the plaintiff in that action, with Husky taking nothing from Continental. Husky also admitted that the jury in the Black case found that Continental did not breach its implied warranty, and that the cap was reasonably fit for the uses intended or reasonably foreseeable by the defendant.
The trial court in the instant case granted Continental's motion for a summary judgment on November 6, 1981, and a final summary judgment was entered on November 17, 1981. Husky's motion for relief from summary judgment, alleging newly-discovered evidence under Florida Rule of Civil Procedure 1.540, based upon letters showing a possible defect in the cap itself, was denied by the trial court. Husky then filed its notice of appeal. Appellant claims that the summary judgment was improper *999 as neither res judicata nor collateral estoppel applies so as to bar the present action against Continental Can.
In order for res judicata to bar the present suit, four identities must be present:
(1) Identity of the thing sued for;
(2) Identity of the cause of action;
(3) Identity of persons and parties;
(4) Identity of the quality or capacity of the persons for or against whom the claim is made.
Donahue v. Davis, 68 So.2d 163 (Fla. 1953); Cole v. First Development Corp. of America, 339 So.2d 1130 (Fla. 2d DCA 1976). Here, the four identities are not met, since the causes of action are different.
The test for identity of a cause of action for the purposes of determining res judicata is the identity of the facts essential to the maintenance of the action. Gordon v. Gordon, 59 So.2d 40 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 169, 97 L.Ed. 680 (1952). These facts need not be identical; rather, the testimony produced by the plaintiff in the second suit must be essentially the same as that which was produced in the former action. Gordon, 59 So.2d at 44. In the instant case, it cannot be said that the testimony presented in the Griffin suit would be "in essence" the same as that presented in Black. Since negligence cannot occur in a vacuum, the attendant circumstances in the use of the fluid must be considered. Two separate incidents occurred here, giving rise to liability on the part of Husky. These incidents were at two separate times and involve two separate cans, with two separate caps. It is clear that the evidence required to prove the negligence in Black would clearly differ from that required in the instant case. Since two causes of action are present, res judicata is not applicable.
The doctrine of estoppel by judgment, or collateral estoppel, is applicable, however, to the instant case. Collateral estoppel may apply where two causes of action are different, in which case the judgment in the first suit estops the parties from litigating in the second suit those points in question common to both which were actually adjudicated in the prior litigation. Seaboard Coastline Railroad v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972). See Hann v. Carson, 462 F. Supp. 854 (M.D.Fla. 1978).
The essential elements of collateral estoppel are:
(1) that the parties and issues be identical;[2]
(2) that the particular matter be fully litigated and determined in a contest,
(3) which results in a final decision,
(4) in a court of competent jurisdiction.
Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977).
Here, there is no doubt that the liability of Continental Can to Husky for their caps was previously litigated and determined in a court of competent jurisdiction. Furthermore, both the parties and the issues are identical, thereby allowing collateral estoppel to bar the instant action.
The trial court ruled properly in granting a summary judgment for Continental Can. Accordingly, the judgment is
AFFIRMED.
COWART, J., and DANIEL C. WELBORN, Associate Judge, concur.
NOTES
[1] The indemnity claims were dismissed by the trial court upon Continental's motion.
[2] This mutuality of parties requirement, which provides that collateral estoppel will lie only between parties who were adverse to each other in a prior action, has been consistently honored in Florida. See Seaboard Coastline Railroad Co. v. Cox, 338 So.2d 190 (Fla. 1976); Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956). However, the doctrine has been rejected by both the federal courts and by those of several states. See 31 A.L.R.3d 1044 (1970).