FRANK D. UPCHURCH, Judge,
concurring in part, and dissenting in part.
I concur with Judge Dauksch in affirming the final summary judgment as to count I.
I also agree that count II states a cause of action under the attractive nuisance doctrine. Count II alleged the following:
*521 14. The Defendants and their agents, employees or servants knew or should have known that the Plaintiffs’ decedent and other minor children were entering or would enter the property of the Defendants to swim in the pond located on the property and in spite of this knowledge, installed upon the property a pump which had its intake pipe located beneath the surface of the pond and was concealed from Plaintiffs decedent and other minor children.
15. That the Decedent was attracted onto the property of the Defendants by the pond, and entered the pond to swim and dive based on such attraction and allurement.
16. Defendants and their agents, employees or servants knew or should have known that the installation of the pump and concealed intake pipe beneath the surface of the pond, with no warning being posted and no supervision of the operation of the pump involved an unreasonable risk of death to Plaintiffs’ decedent and other minor children entering .the property. Further, Defendants knew or should have known that the maintenance of this pipe in its concealed condition without any screen or guard on the pipe created an extremely hazardous condition and a trap.
17. Plaintiffs’ decedent had never seen the pump located on the pond before the date of his death and being unaware of the concealed pipe, its size and location within the pond, could not realize the risk involved in swimming in the pond.
18. Defendants knowingly allowed a dangerous condition involving unreasonable risk of harm to exist upon their property, (emphasis added)
As the basis for summary judgment as to count I, the court below found in part:
[T]he Defendants had an oral contract with one Sam White, for the digging of this pond. The sole consideration to be received by Mr. White was the fill from the excavation. It is not shown that the Defendants retained any right to control the work but it is expressly shown that they did not in fact exercise any control over the work. They had reserved the right to terminate the work at their option but had not exercised this option at the time of the death of Plaintiffs’ son on July 7, 1980. The contract required that the bank of the pond be slopped [sic]. Mr. White subcontracted that work to a Mr. Davis, a fact of which the Defendants were unaware. Mr. Davis had within the two or three days before the accident brought upon the premises the pump which was in operation and which was involved in the accident. The Defendants did not know Mr. Davis was on the job and exercised no control over his work. The Defendants had knowledge that a pump had been used by Mr. White in the past for the purpose of draining water from the pond, to aid and assist in the work. The Defendants had no knowledge that the deceased was on the property on July 7 and had never given him permission to be on the property at any time. The Defendants’ property was completely enclosed by a fence with a gate. The Plaintiffs do not assent that the gate was opened or that the deceased used the gate at any time. Based on the foregoing facts, the Court concludes, as a matter of law, that the relationship between the Defendants and Mr. White was one of owner and independent contractor (footnote omitted) and that the deceased minor plaintiff was a trespasser or at most an uninvited licensee. The owners did not know of his presence and had no opportunity to take precautions to warn him, if they had been aware that the pump constituted a dangerous condition, (emphasis added)
The facts set out above would negate a determination of liability under the attractive nuisance doctrine. Thus, it is obvious that the appellants cannot prevail. Based *522 on the principle of collateral estoppel,[1] I would remand the case with directions to enter a final summary judgment in favor of appellees.

. See Husky Industries, Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982).