LEHAN, Judge.
We reverse a final judgment which determined that the appellant was not entitled to the return of deposits made on contracts to purchase condominium units from the ap-pellee.
In 1981 appellant entered into a contract to purchase two units in a condominium project being developed by appellee. Disagreements arose, and appellant in a suit which preceded the suit now before us sued to recover its deposits. After a nonjury trial and before judgment was entered, the trial court indicated that appellant had failed to prove its entitlement to a return of the deposits. The parties then entered into a settlement agreement which provided that the deposits would not be returned to appellant but that appellant would receive a “credit for deposit” for two purchase agreements to acquire two units in a future condominium project to be developed by appellee.
In the prior law suit a final judgment was entered which referred to the parties’ settlement agreement. The judgment said that appellant had not proved its right to a refund of the deposits but that appellant had “certain equitable rights to close” under the first condominium contracts.
Pursuant to the settlement agreement, the parties executed contracts for the purchase and sale of two units at a second condominium project, and appellant received a credit for its prior deposits. The second condominium project was never constructed. The purchase contract for that project provided that if the developer was unable to complete construction and deliver title to the units within a two-year period, the buyer could terminate the agreement and receive a refund of all deposits paid. When appellant elected to terminate the agreement pursuant to this provision, ap-pellee refused to refund any money. Appellant filed this lawsuit.
After a nonjury trial in this action, the trial court ruled that the final judgment in the prior action was res judicata and that appellant was entitled to no refund. We do not agree that the final judgment in the first lawsuit disposed of the issues in this suit.
The parties settled the first lawsuit. The final judgment in that lawsuit referred to the settlement agreement and then went on to say that although appellant had not proved its right to a return of the deposit, appellant did have certain rights under the first purchase agreement to close on the purchase. Whatever rights or duties each of the parties had in the first lawsuit were merged into their settlement agreement and the later purchase contract on the second condominium project. Apparently each party gave up certain rights, including the right to appeal, when settling that lawsuit. We may not reopen the matter and attempt to determine who would have won that litigation without the settlement.
There is an apparent identity of the deposits in the transactions involved in the first suit and those involved here. But the two suits were on different purchase contracts. Thus, even if the first suit is interpreted to have been litigated to conclusion, the result in that suit would not be res judicata as to the result in this suit. There was no identity of the causes of action in the two suits. See Donahue v. Davis, 68 So.2d 163, 169 (Fla.1953); Cole v. First Development Corp. of America, 339 So.2d 1130 (Fla. 2d DCA 1976).
The documents control. The settlement agreement provided that the parties would enter into contracts to purchase and sell units at a second condominium project and that the deposits paid by appellant at the first project would be credited toward its purchases at the second project. The con *585 tracts for the second project gave appellant the right to a return of its deposits if the units were not completed in two years. Under the language of the contracts, appellant is entitled to a return of its deposits.
Reversed and remanded for proceedings consistent herewith.
GRIMES, A.C.J., and SCHOONOVER, J., concur.