PER CURIAM.
Carol Bergman appeals a final judgment denying her petition to revoke the will of her deceased mother, Beatrice Serns Greenfield. We reverse.
Carol Bergman and David Serns are the children of the late Beatrice Serns Greenfield. In 1981, when Mrs. Greenfield was of advanced years, she was adjudicated incompetent and a guardianship was established. During the course of the guardianship proceeding, Serns alleged that Mrs. Greenfield had in 1975 transferred all of her assets to him. The validity of that inter vivos gift was attacked in the guardianship proceeding, and the trial court found that the gift was the product of undue influence by Serns, who was a member of the Bar as well as Mrs. Greenfield’s son.
After an evidentiary hearing the trial court concluded that “[Mrs. Greenfield] had definite opinions concerning her children, as evidenced by a number of Wills she had executed over a period of years, [and] she had long determined to leave little or nothing to her son [Serns] at her death.” The trial court found that “There is nothing in the statements [made in testimony to the court] to indicate a revocation of her longstanding testamentary intention to provide at least some stipend for her daughter at Mrs. Greenfield’s death.” Indeed, prior to the purported December, 1975 inter vivos gift, Mrs. Greenfield’s numerous wills and codicils had routinely either excluded Serns entirely, or had left him with only a nominal devise, while making much more substantial provision for Mrs. Greenfield’s daughter, Carol Bergman. The trial court concluded that “David R. Serns took advantage of the weakened mental and physical condition of his mother, caused her to interpose in him trust, confidence and reliance; ... and dealt with her on terms of inequality so as to actually procure the transfer by her of all of her assets which divested her of her entire estate under circumstances of undue influence and by virtue of which David R. Serns was unjustly enriched.” The court determined that the inter vivos gift had been made in early December, 1975.
The trial court found the alleged inter vivos gift to be invalid, and directed that all sums be accounted for.[1] In the course of the proceedings, the court also directed Serns to produce any of Mrs. Greenfield’s wills that were in his possession. No wills were ever produced.
In 1986 Mrs. Greenfield died. Serns opened an estate based upon a last will and testament of Mrs. Greenfield dated December 1, 1975. This will had been drafted by Serns contemporaneously with the giving of Mrs. Greenfield’s inter vivos gift. Carol Bergman petitioned for revocation of the probate of the December 1, 1975 will. The trial court denied relief. In so doing, the trial court erred. Relief should have been granted on the basis of collateral estoppel.
In the earlier guardianship adjudication, the trial court expressly found that Mrs. Greenfield’s inter vivos gift of all of her assets to Serns, which occurred in early December, 1975, was the product of undue influence by Serns. The court also expressly found that there was no indication that Mrs. Greenfield had changed her longstanding testamentary intention to make provision for her daughter, Carol Bergman, in her will. The December 1 Will was simply an additional gift to Serns, testamentary in form, of Mrs. Greenfield’s assets. Like the inter vivos gift, the testamentary gift was totally inconsistent with Mrs. Greenfield’s numerous previous wills and codicils. It is abundantly clear from the lengthy, thorough order entered in the guardianship proceeding that had Serns produced the December 1 Will, as the court directed him to do, the trial court would have invalidated the Will, in addition to the inter vivos gift. Manifestly the trial court did not set aside the inter vivos gift for the purpose of having the same assets pass to Serns through a contemporaneous testamentary gift. We conclude that Serns was *1203 collaterally estopped to rely on the December 1 Will. Kramer v. Freedman, 272 So.2d 195, 199 (Fla. 3d DCA), cert. discharged, 295 So.2d 97 (Fla.1973); see Husky Industries, Inc. v. Griffith, 422 So.2d 996, 999 (Fla. 5th DCA 1982).[2]
We therefore reverse the judgment and remand with instructions to revoke probate of the December 1, 1975 Will.

. The trial court allowed a credit to Serns for such sums as he had voluntarily spent for the care and maintenance of Mrs. Greenfield.

. Given the fact that Serns failed to produce the December 1 Will, despite having been ordered to do so, it could be argued that the doctrine of res judicata also applies. The issue of additional wills was raised in the guardianship proceeding. The December 1, 1975 Will was not addressed only because of Serns’ failure to disclose its existence. See Gordon v. Gordon, 59 So.2d 40, 44 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952) (“res adjudicata ... is conclusive as to all matters germane thereto that were or could have been raised_").