FULMER, Judge.
Petitioner, Carol Anne Bassette, seeks cer-tiorari review of an order granting the motion of respondent, Health Management Resources Corporation (HMR), to compel production of the medical records of Bassette’s father who is not a party to the underlying action. Bassette claims the trial court departed from the essential requirements of law because HMR did not show that her father’s medical records are relevant to her claims, and because the information sought is privileged and her father was not provided the notice required by section 455.241(2), Florida Statutes (1993).[1] We agree.
Bassette sued HMR and others alleging that she suffered severe and permanent medical injuries including starvation-induced psychosis and depression as a result of her participation in a commercial diet program. In its efforts to find another source of Bas-sette’s injuries, HMR deposed Bassette’s father and subsequently attempted to obtain his medical records from his cardiologist, his neurologist and the hospital where he was treated several years ago for a stroke. Bas-sette objected to the discovery of these records and HMR moved for an order compelling their production.
In its motion to compel, HMR alleges that an important factor in determining the cause of depression in a particular patient is whether there has been a history of depression in that person’s family. The motion then alleges that Bassette has stated to various medical providers that there was a history of depression in her family and in particular that her father suffered from depression. It also states that she subsequently denied that these statements were accurate. The motion concludes by stating that “[b]y allowing HMR access to these records, HMR would be able to make its own determination as to which version of the family history given by Plaintiff is accurate.”
At the hearing on the motion to compel, counsel for HMR repeated these allegations and made some references to forms allegedly completed by Bassette at the time she was hospitalized as a psychiatric inpatient. These forms were not part of the record before the trial court. Counsel also made representations about testimony in depositions which were not part of the record before the trial court. In fact, no evidence or testimony was presented at the hearing. Bassette continually objected to the lack of record support for the factual allegations made by HMR’s counsel and. to counsel’s reference to matters outside the record. At the conclusion of the hearing, the trial court acknowledged that Bassette’s father has a privacy right in his medical records but granted the motion to compel production of the records. No ruling was made on the *319 issue raised regarding the notice requirement of section 455.241(2).
We recognize that a trial court has broad discretion in overseeing discovery and that the concept of relevancy is broader in the discovery context than in the trial context. However, once a discovery request is made for medical records of a nonparty, the trial court must proceed with caution. First the court must determine that the information is relevant. Just because one family member files a lawsuit that places her medical condition at issue does not mean that the medical history of her entire, or even immediate family, becomes relevant for discovery purposes. However, if relevancy is established, prior to ordering production of the records, the court must provide notice to the nonparty as required by section 455.241(2) and fashion a discovery order that balances the competing interests of the party seeking access to the information and the privacy interests of the nonparty. See Rasmussen v. South Florida Blood Service, Inc., 500 So.2d 583 (Fla.1987).
First we address the relevancy issue. HMR argued to the trial court that family medical history would be an important factor in determining the cause of Bassette’s illness and that family history is always important to any medical professional. We do not question that this may be true. Neither the allegations in HMR’s motion to compel nor the inference arising from the argument at the hearing that Bassette’s illness could possibly be an inherited condition provide a basis for the court’s finding of relevancy. In the absence of a stipulation, a trial court may not consider as fact an attorney’s unsworn statements. Sabina v. Dahlia Corp., 650 So.2d 96 (Fla. 2d DCA 1995). This is especially true where opposing counsel is objecting to the statements on the basis that they are unsupported by the record and that they mischaracterize the matters being referred to. Here, there was no record evidence to show that the father had any history of psychological or medical problems that could be the source of Bassette’s illness. Nor was there any showing that the father’s treatment by a cardiologist or treatment for a stroke could reflect a possible source of Bas-sette’s illness. In response to an inquiry by the court, counsel for HMR admitted that the father denied, under oath, having ever been treated for depression. Because the record is devoid of any evidence to support a finding that the father’s medical records could provide any information relevant to the injuries claimed by Bassette, the trial court’s order granting their production constitutes a departure from the essential requirements of law.
Because we have determined that the court erred by ordering production of the father’s medical records, it is not necessary for us to grant relief on the basis of the failure to provide the notice required by section 455.241(2). However, the recent opinion of the supreme court in Amente v. Newman, 653 So.2d 1030 (Fla.1995), makes it clear that if a nonparty’s medical records are shown to be discoverable, and if the privacy rights of that nonparty patient cannot be protected by redaction of identity, then the court must comply with the notice requirement of section 455.241(2) and fashion a discovery order that safeguards the privacy rights of the nonparty patient.
Accordingly, we grant the petition, issue the writ and remand with directions that the order granting HMR’s motion to compel be vacated.
BLUE, A.C.J., and QUINCE, J., concur.

. Section 455.241(2) provides in pertinent part:
[S]uch [medical] records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient’s legal representative or other health care providers involved in the care and treatment of the patient, except upon written authorization of the patient.... Such records may be furnished in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient’s legal representative by the parly seeking such records. Except in a medical negligence action when a health care provider is or reasonably expects to be named a defendant, information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care providers involved in the care or treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.