840 So.2d 395 (2003)
Marcia GOLD, Appellant,
v.
M. Adam BANKIER, as Personal Representative of the Estate of Doris Reinfeld, and Cindy Schnur, Appellees.
No. 4D01-5002.
District Court of Appeal of Florida, Fourth District.
March 19, 2003.
*396 Steven M. Goldsmith of Steven M. Goldsmith, P.A., Boca Raton, for appellant.
Jani E. Maurer, Boca Raton and Neal B. Shniderman, Fort Lauderdale, for appellee Cindy Schnur.
Eric C. Christu and Devon G. Coughlan of Elk, Bankier & Christu, Boca Raton, for appellee Adam Bankier.
WARNER, J.
When the deceased Doris Strauss Reinfeld's will was filed for probate, one of her daughters objected to probate on various grounds regarding the execution of the will and undue influence. Although the objection was later withdrawn, the daughter/beneficiary moved to remove the personal representative of the estate on the ground that the representative undervalued a significant asset. In response, the decedent's other daughter moved for summary judgment, alleging that the issue of the valuation of the asset was res judicata because its existence was known at the time the objection to probate was withdrawn. The trial court agreed, prompting this appeal. We hold that res judicata does not apply on these facts and reverse.
Appellant Marcia Gold ("Gold") and appellee Cindy Schnur ("Schnur") are sisters, and the daughters of the deceased Doris Reinfeld ("Reinfeld"). After Reinfeld's death, her will, executed just a few months earlier, was admitted to probate, and M. Adam Bankier ("Bankier") was appointed personal representative. Gold filed an objection to the probate of the will, alleging the following: decedent's will was not executed in accordance with Florida law; decedent was not of sound mind when she executed the will; Schnur committed undue influence and fraud to get decedent to execute the will; Bankier, who drafted the will, used coercion and duress in order to get decedent to execute the will; and Bankier is not eligible to serve as personal representative because he was also Schnur's personal attorney, creating a conflict of interest.
Gold ultimately agreed to dismiss the objections to probate and entered into a stipulation with Bankier and Schnur that "the objection of Marcia Gold to probate *397 shall be dismissed, with prejudice, and that no further objections to probate exist in this matter." The court entered an agreed order dismissing the objection to probate.
Several months later Gold filed a petition to remove Bankier as personal representative for breach of his fiduciary duty. Specifically, she asserted that Bankier undervalued the decedent's interest in apartments that were willed in trust to the two daughters. By reducing the value of this asset for estate tax purposes, Bankier exposed Gold to a larger capital gains tax upon the sale of the apartments, as her tax basis in the property would be lower than it should otherwise have been. She also alleged that Bankier did not treat her equally with Schnur in the valuation, as Schnur benefitted from the lower value in the estate.
Schnur moved for summary judgment, claiming that the petition to remove the personal representative was barred by the doctrine of res judicata. Schnur claimed that Gold's knowledge of Bankier's valuation of the apartments at the time she stipulated to the dismissal with prejudice of her objection to probate bars her from raising the valuation issue in a subsequent action. The trial court agreed and entered a final order of summary judgment.
Four elements are required in order for a matter to be considered res judicata: "(1) [i]dentity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action, and (4) identity of the quality in the person for or against whom the claim is made." Donahue v. Davis, 68 So.2d 163, 169 (Fla.1953) (citations omitted). Gold argues the first two elements are not present in the instant appeal. We agree that not all of the elements of res judicata have been proven. We address only the second element, because if that is not satisfied, res judicata does not bar the action.
"Identity of the causes of action is established where the facts which are required to maintain both actions are identical." Cole v. First Dev. Corp. of Am., 339 So.2d 1130, 1131 (Fla. 2d DCA 1976) (citing Gordon v. Gordon, 160 Fla. 838, 36 So.2d 774 (1948)). Here, the facts required to maintain each action were completely separate and distinct, as were the causes of action. Gold objected to the probate of the will on the ground of undue influence and improper execution. She sought the invalidation of the will itself based upon conduct which occurred prior to the decedent's death. Conversely, the petition for removal of the personal representative acknowledged the validity of the will and sought removal based upon activity of the representative during the administration of the estate. The facts pertinent to this action occurred after the decedent's death. Because the action seeking removal of the personal representative required the assertion of facts not presented in the action objecting to probate, there is no identity of the causes of action.
Schnur contends that res judicata should still bar the petition for removal because Gold knew about the apartment valuation at the time she objected to probate. Res judicata bars not only those issues that were subject to adjudication on the merits but also bars those issues that could have properly been included in the same action. See In re Haskin's Estate, 63 So.2d 320, 321 (Fla.1953). But, as we have shown, the petition for removal could not have been properly brought in the initial action, because the facts upon which it relies are entirely different from those upon which the objection to probate were based.
Having determined no identity of the causes of action existed between Gold's actions, we conclude that res judicata did *398 not bar the petition for removal of the personal representative. We therefore reverse the final summary judgment and remand for further proceedings.
Reversed.
GUNTHER, J., and HARNAGE, HENRY H., Associate Judge, concur.