SILBERMAN, Judge.
Age Institute of Florida, Inc., petitions for certiorari review of an order requiring it to produce certain medical records of nonparty residents who resided at its nursing home facility during Larry Lee Bivens’ residency. We grant certiorari and quash the order under review, in part, and remand for further proceedings.
Leolá McGriff, as personal representative of Bivens’ estate, sued Age Institute for negligence, violation of nursing home residents’ rights, and breach of fiduciary duty with respect to the care provided to Bivens during his residency at Age Institute’s facility. McGriff served a first request to produce which, in paragraph 32, sought various records for all residents who were residing at the facility during Bivens’ residency. McGriff apparently sought the records to ascertain the acuity levels of the facility’s residents during the time of Bivens’ residency; to determine the number of staff members needed to provide adequate care to the residents at that time; to determine whether the facility was, in fact, adequately staffed during Bivens’ residency; and to determine whether the staffing was inadequate for the facility to properly care for Bivens. Age Institute objected to the request, asserting, among other grounds, that the records were irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and that production of the records would violate the residents’ privacy rights. After a hearing, the trial court ordered production of the records.
In its petition, Age Institute again argues that the requested records are irrelevant. Based on the documents contained in the appendix and the parties’ arguments, it appears that the requested' records are relevant to the issues raised in this litigation and are reasonably calculated to lead to the discovery of admissible *514 evidence. See Fla. R. Civ. P. 1.280(b). Thus, we cannot say that the trial court departed from the essential requirements of law in ordering production of the documents.
Age Institute also asserts that the trial court failed to protect the residents’ privacy rights because the court’s order does not require that all identifying information be redacted from the records. The parties acknowledge that the names of the nonparty residents were to be redacted from the records, but the trial court’s order makes no mention of redaction of any information.
In Bassette v. Health Management Resources Corp., 661 So.2d 317 (Fla. 2d DCA 1995), this court considered a discovery request for the medical records of a non-party. We stated that the trial court must “fashion a discovery order that balances the competing interests of the party seeking access to the information and the privacy interests of the nonparty.” Id. at 319. The Florida Supreme Court, in Amente v. Newman, 653 So.2d 1030 (Fla.1995), upheld a trial court’s order that required redaction of all identifying information from nonparty patients’ records. The supreme court concluded that redaction of such information protected the patients’ confidentiality and privacy rights. Id. at 1033.
Because the trial court’s order contains no provision for the redaction of identifying information to protect the privacy rights of nonparties, we grant the petition. We quash the trial court’s order solely to the extent that it compels the production of records responsive to paragraph 32 of McGriffs first request to produce without protecting the nonparty residents’ privacy rights. On remand, the trial court shall determine how to best protect the rights of the nonparty residents while allowing McGriff to proceed with meaningful discovery, including whether redaction of only the nonparties’ names is sufficient to protect the nonparties’ privacy rights.
Quashed in part and remanded for further proceedings.
NORTHCUTT and VILLANTI, JJ„ concur.